Shannon B. Nakabayashi (State Bar No. 215469)
Kevin Ha (State Bar No. 322252)
JACKSON LEWIS P.C.
50 California Street, 9th Floor
San Francisco, California 94111-4615
Telephone: (415) 394-9400
Facsimile: (415) 394-9401
E-mail: Shannon.Nakabayashi@jacksonlewis.com
E-mail: Kevin.Ha@jacksonlewis.com

Attorneys for Defendants
SMG EXTOL, LLC and
DIRECT LINE GLOBAL, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESAR MADRIGAL, and individual and on behalf of aggrieved employees<br><br>Plaintiff,<br><br>v.<br><br>SMG EXTOL, LLC, a California limited liability company doing business as DIRECT LINE and SMG EXTOL; DIRECT LINE GLOBAL, LLC., a California limited liability company; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.<br><br>**NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT UNDER 28 U.S.C. §§ 1332, 1446**<br><br>State Complaint Filed: August 3, 2022 |

TO THE HONORABLE JUDGE AND CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:

Please take notice that Defendants SMG EXTOL, LLC ("SMG") and DIRECT LINE GLOBAL, LLC ("Direct Line") (collectively, "Defendants"), by and through their counsel, invoke this Court's jurisdiction under 28 U.S.C. § 1332(d) and remove, pursuant to 28 U.S.C. § 1441, the above-entitled Complaint filed by Plaintiff CESAR MADRIGAL ("Plaintiff") to this Court from the Superior Court of the State of California in and for the County of Alameda ("Alameda Superior Court"). Defendants submit this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff against Defendants and without conceding that Plaintiff has pled any claims

upon which relief can be granted.  This removal is based on the following grounds:

## I.     DIVERSITY JURISDICTION

1. This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a), and this action is therefore one that may be removed to this Court by Defendant under 28 U.S.C. § 1441(a) because it is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs.

## II.    TIMELINESS OF REMOVAL

2. On August 3, 2022, Plaintiff commenced an action in Alameda Superior Court entitled, *Cesar Madrigal, Plaintiff v. SMG EXTOL, LLC, et al., Defendants*, Case No. 22-cv-015509.

3. A true and correct copy of the Complaint is attached as **Exhibit A** to this Notice of Removal.  The Complaint alleges a twelve causes of action for (1) retaliation under California Labor Code section 98.6; (2) retaliation under California Labor Code sections 1102.5 and 1102.6; (3) failure to pay wages; (4) failure to pay minimum wages; (5) failure to pay overtime compensation; (6) failure to provide meal and rest periods; (7) civil penalties under the Private Attorneys General Act; (8) wrongful termination in violation of public policy; (9) failure to provide itemized wage and hour statements; (10) waiting time penalties; (11) failure to permit inspection of personnel and payroll records; and (12) unfair competition.

4. On October 21, 2022, Plaintiff served Defendants with a copy of the Summons and Complaint, along with a Civil Cover Sheet, Notice of Case Management Conference, Statement of Damages, and Notice of Case Assignment.  A true and correct copy of the Summons is attached hereto as **Exhibit B**.  A true and correct copy of the other documents served by Plaintiff with the Complaint and Summons are attached hereto as **Exhibit C**.  On October 26, 2022, Plaintiff filed both Proofs of Service of Summons and Complaint, a true and correct copy of which are attached hereto as **Exhibit D**.

5. A defendant in a civil action has thirty (30) days from the date it is served with a summons and complaint in which to remove the action to federal court.  28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999).  As Defendants

were served on October 21, 2022, this Notice of Removal is timely. 28 U.S.C. § 1446(b).

6. Venue lies in the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1441(a), which provides in pertinent part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." As stated above, Plaintiff brought this action in Alameda Superior Court. Thus, venue properly lies in the United States District Court for the Northern District of California under 28 U.S.C. §§ 84(a), 1391(a) and 1441(a).

**III. THE PROCEDURAL REQUIREMENTS OF 28 U.S.C. § 1446 ARE SATISFIED**

7. In accordance with 28 U.S.C. § 1446(a), this Notice of Removal is filed in the District in which the action is pending. The United States District Court, Oakland or San Francisco Division, is the proper division for this action under Northern District of California, Local Rule 3-2(d), which states that all civil actions which arise in the County of Alameda shall be assigned to the Oakland or San Francisco Division.

8. In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Defendants are attached as Exhibits to this Notice.

9. In accordance with 28 U.S.C. § 1446(d), a copy of this Notice is being served upon counsel for Plaintiff, and a notice will be filed with the Clerk of the Superior Court of California for the County of Alameda. Notice of compliance shall be filed promptly afterwards with this Court.

10. As required by Federal Rule of Civil Procedure 7.1 and Local Rule 3-15, Defendants concurrently filed their Certificate of Interested Parties.

**IV. THIS CASE IS REMOVABLE BASED ON DIVERSITY JURISDICTION**

**A. There Is Complete Diversity Between Plaintiff and Defendants**

11. This Court has original jurisdiction under 28 U.S.C. § 1332, as the case is a civil action between citizens of different states, and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

12. Diversity of citizenship is determined "as of the time the complaint is filed and

1 removal is effected." *Strotek Corp. v. Air Transp. Ass'n of America*, 300 F.3d 1129, 1131 (9th Cir. 2002) (citations omitted).

13. A corporation is a citizen of both its state of incorporation and the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93. (2010). A corporation's principal place of business is where the corporation's officers direct, control, and coordinate the corporation's activities, *i.e.*, its "nerve center," typically the corporation's corporate headquarters or where actual corporate decision-making takes place. *Hertz*, *supra*, 559 U.S. at 80-81.

14. Defendants are incorporated under the laws of the State of California with its principal place of business in California. (Declaration of Mandy McGrady ("McGrady Decl."), ¶3.) Defendants' high-level corporate officers maintain their offices in California, and many of their corporate-level functions are performed in California. (*Id.*) Additionally, many of Defendants' administrative functions, including corporate finance and accounting, are directed from their California headquarters. (*Id.*)

15. Based on information and belief, Plaintiff is a citizen of the state of Iowa and not a citizen of California. (McGrady Decl., ¶4.)

16. Accordingly, under 28 U.S.C. § 1332, there is complete diversity between the parties.

**B.    The Amount In Controversy Exceeds $75,000**

17. Under 28 U.S.C. § 1332(a), the removal of a case is authorized when, among other factors above, the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. This action also meets the amount in controversy requirement.

18. Without conceding that Plaintiff is entitled to damages or can recover damages in any amount whatsoever, the amount in controversy in this action exceeds $75,000 exclusive of interests and costs. 28 U.S.C. § 1332(a).

19. The damages Plaintiff contends it is entitled to recover include unpaid wages, penalties, attorneys' fees, costs, and interest as provided by law. (Complaint, p. 24 ["Prayer for Relief"].) Each of these claims may be considered by the Court in determining jurisdictional

amount. *See Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002).

20. If a plaintiff contests a defendant's allegations, the defendant need only demonstrate by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold. *See Sanchez v. Monumental Life Ins. Co.*, 95 F.3d 856, 860-61 (9th Cir. 1996); *Williams v. Best Buy Co., Ins., 269 F.3d 1316, 1319* (11th Cir. 2001) (courts may consider factual statements in defendant's notice of removal in assessment removal jurisdiction).

21. In determining whether the amount in controversy exceeds $75,000, exclusive of interest and costs, the Court must presume the plaintiff will prevail on each and every one of his claims. *See Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002), *citing Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (the amount in controversy analysis presumes that "plaintiff prevails on liability"); *Angus v. Shiley, Inc.*, 989 F.2d 142, 146 (3d Cir. 1993) ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonably reading of the value of the rights being litigated").

22. The first page of Plaintiff's Complaint alleges that he seeks "in excess of $1 million" in general damages and "in excess of $1 million" in special damages. (*See* Page 1, Statement of Damages). Based on these allegations alone, the amount on controversy is met.

23. Additionally, Plaintiff estimates that he is entitled to judgment that is "no less than $250,000…" (*See* Prayer for Relief.) Specially, he alleges:

   a. For his first cause of action, he estimates liability in the amount of "no less than $10,000.00." (Prayer of Relief, ¶ 2.)

   b. For his second cause of action, he estimates liability in the amount of "no less than $10,000.00." (Prayer of Relief, ¶ 3.)

   c. Plaintiff estimates that he is entitled to penalties under California Labor Code section 226.8(b)-(c) in the amount of "no less than $25,000.00." (Prayer of Relief, ¶ 4.)

   d. For his fourth cause of action, he estimates that he is owed in the amount of "no less than $4,897.76." (Prayer of Relief, ¶ 5.)

   e. Plaintiff also alleges that he is entitled to liquidated damages under California Labor Code section 1194.2 "in the amount of $4,897.76." (Prayer of Relief, ¶ 6.)

      f.  For his fifth cause of action, Plaintiff estimates that he is entitled in the amount of "no less than $15,154.21." (Prayer of Relief, ¶ 7.)

      g.  For his sixth cause of action, Plaintiff estimates that he is entitled in the amount of "no less than $15,754.80." (Prayer of Relief, ¶ 9.)

      h.  Plaintiff also alleges that he is entitled to damages under California Labor Code section 226 in the amount of "no less than $4,000.00." (Prayer of Relief, ¶ 10.)

      i.  Plaintiff also alleges that he is entitled to statutory penalties or damages under California Labor Code section 226.3 in the amount of "no less than $7,250.00." (Prayer of Relief, ¶ 11.)

      j.  Plaintiff also alleges that he entitled to waiting time penalties in the amount of "no less than $11,401.80." (Prayer of Relief, ¶ 12.)

      k.  Plaintiff further alleges that he is entitled to statutory penalties under California Labor Code 1198.5 in the amount of "no less than $750.00." (Prayer of Relief, ¶ 13.)

24.    Without considering his individual claim for civil penalties under the Private Attorneys General Act, or any other penalties or damages he seeks in his Complaint, the sum of the above subparagraphs (a) through (k) is "no less than" $109,106.33.

25.    Finally, Plaintiff claims that it is entitled to attorneys' fees. (Prayer for Relief, ¶ 19.) Attorneys' fees also may be taken into account to determine the jurisdictional amount. *Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982); *see also, Alvarado v. Home Depot U.S.A. Inc.*, Case No. 18-cv-611-MMA(NLS), 2018 U.S. Dist. LEXIS 95435, at *7-10 (S.D. Cal. June 5, 2018) (post-removal attorney fees are included in the amount in controversy). Plaintiff's Complaint is seeking to recover its attorneys' fees and costs, which will certainly exceed $75,000 after trial. Even if the Court only considers attorneys' fees "that can reasonably be anticipated at the time of removal," "when viewed in combination with alleged compensatory, punitive, and emotional distress damages, the jurisdictional minimum is clearly satisfied." *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002).

26.    Based on the foregoing, and without conceding that Plaintiff is entitled to the damages it seeks, the potential recovery for Plaintiff exceeds $75,000 exclusive of interests and

costs, thereby satisfying the jurisdictional amount.

## V. CONCLUSION

For the reasons set forth above, Defendants maintain that this action is properly removed to this Court.

Dated: November 21, 2022

JACKSON LEWIS P.C.

By: /s/ Shannon B. Nakabayashi
Shannon B. Nakabayashi
Kevin Ha
Attorneys for Defendants
SMG EXTOL, LLC and
DIRECT LINE GLOBAL, LLC

4879-0046-0351

7
NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT
UNDER 28 U.S.C. §§ 1332, 1446                                Case No.