# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
SMG EXTOL, LLC, a California limited liability company doing
business as DIRECT LINE and SMG EXTOL; (Additional parties
attachment form is attached)

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
CESAR MADRIGAL, an individual and on behalf of aggrieved
employees

<table>
<tr><td>FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE)</td></tr>
<tr><td>ELECTRONICALLY FILED<br>Superior Court of California<br>County of Alameda<br>08/03/2022<br>Chad Finke, Executive Officer / Clerk of the Court<br>By: _____ A. Linhares _____ Deputy</td></tr>
</table>

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*) or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

<table>
<tr><td>The name and address of the court is:<br>(El nombre y dirección de la corte es): Hayward Hall of Justice<br>24405 Amador Street<br>Hayward, CA 94544</td><td>CASE NUMBER:<br>(Número del Caso):<br>22CV015509</td></tr>
</table>

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Zekiah N. Wright, Esq., 601 N. Vermont Ave., Los Angeles, CA 90004; Telephone (213) 389-3765

<table>
<tr><td>DATE:<br>(Fecha) 08/03/2022 Chad Finke, Executive Officer / Clerk of the Court</td><td>Clerk, by<br>(Secretario)</td><td>A. Linhares</td><td>, Deputy<br>(Adjunto)</td></tr>
</table>

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☑ on behalf of *(specify)*: SMG EXTOL, LLC, a California limited liability company doing business as Direct line and SMG EXTOL

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☑ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)*:
4. ☐ by personal delivery on (date): 10/21/22

---

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**SUM-200(A)**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Cesar Madrigal, et-al vs. SMG Extol, LLC, et-al | |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff    ☒ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

DIRECT LINE GLOBAL, LLC., a California limited liability company; and DOES 1 through 20, inclusive

Page __1__ of __1__

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]
**For your protection and privacy, please press the Clear This Form button after you have printed the form.**

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

[ Print this form ]   [ Save this form ]        [ Clear this form ]

# EXHIBIT B

DANIEL AZIZI, ESQ., SBN 268995
daniel@downtownlalaw.com
LILIUOKALANI MARTIN, ESQ. SBN 292778
lili@downtownlalaw.com
ZEKIAH N. WRIGHT, ESQ. SBN 302170
zekiah@downtownlalaw.com
**DOWNTOWN LA LAW GROUP, LLP**
601 North Vermont Avenue
Los Angeles, California 90004
Tel: (213) 389-3765
Fax: (877) 389 - 2775

Attorneys for Plaintiff
CESAR MADRIGAL

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
**08/03/2022 at 12:17:53 PM**
By: Angela Linhares,
Deputy Clerk

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ALAMEDA

CESAR MADRIGAL, an individual and on behalf of aggrieved employees

Plaintiff,

v.

SMG EXTOL, LLC, a California limited liability company doing business as DIRECT LINE and SMG EXTOL; DIRECT LINE GLOBAL, LLC., a California limited liability company; and DOES 1 through 20, inclusive,

Defendants.

Case No. **22CV015509**

**COMPLAINT FOR DAMAGES FOR:**

1.  **RETALIATION (LAB. CODE §98.6);**

2.  **RETALIATION (LAB. CODE §§1102.5, 1102.6);**

3.  **FAILURE TO PAY WAGES (CAL. LABOR CODE §§201, 1194);**

4.  **FAILURE TO PAY MINIMUM WAGES (CAL. LABOR CODE §§1182.12, 1194, 1194.2, 1197);**

5.  **FAILURE TO PAY OVERTIME COMPENSATION (CAL. LABOR CODE §§510, 1194);**

6.  **FAILURE TO PROVIDE MEAL AND REST PERIODS (CAL. LABOR CODE §§226.7, 512);**

7.  **PRIVATE ATTORNEY GENERAL ACT (CAL. LABOR CODE §2699, ET SEQ) ;**

8.  **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY;**

9.  **FAILURE TO PROVIDE ITEMIZED WAGE AND HOUR STATEMENTS (CAL. LABOR CODE §§226, ET SEQ.);**

1

10. **WAITING TIME PENALTIES (CAL. LABOR CODE §§201-203);**

11. **FAILURE TO PERMIT INSPECTION OF PERSONNEL AND PAYROLL RECORDS (CAL. LABOR CODE §1198.5); AND**

12. **UNFAIR COMPETITION (BUS. & PROF. CODE §17200 ET SEQ.)**

**DEMAND OVER $25,000**

**[DEMAND FOR JURY TRIAL]**

COMES NOW PLAINTIFF, **CESAR MADRIGAL,** and for causes of action against the Defendants and each of them, alleges as follows:

**JURISDICTION**

1.     This Court is the proper court, and this action is properly filed in Alameda County, because Defendants' obligations and liability arise therein, because Defendants maintain offices and transact business within Alameda County, and because the work that is the subject of this action was performed by Plaintiff in Alameda County.

**THE PARTIES**

2.     Plaintiff, CESAR MADRIGAL, is and at all times relevant hereto was a resident of the County of Contra Costa, State of California.

3.     Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendant SMG EXTOL, LLC (hereinafter referred to as "SMG EXTOL") doing business as DIRECT LINE and SMG EXTOL was and is a California limited liability partnership doing business at 3839 Spinnaker Court, Fremont in the County of Alameda, State of California.

4.     Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendant DIRECT LINE GLOBAL, LLC. (hereinafter referred to as "DLG") was and is a California limited liability company doing business at 3839 Spinnaker Court, Fremont in the County of Alameda, State of California.

5.     SMG EXTOL and DLG are hereinafter collectively referred to as "Employers."

2

COMPLAINT FOR DAMAGES

6. Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Employers owned and operated a private company specializing in data center build-outs.

7. At all times relevant herein, Employers and DOES 1-20 were Plaintiff's employers, joint employers and/or special employers within the meaning of Government Code §§12926, subdivision (d), 12940, subdivisions (a),(h),(1), (h)(3)(A), and (i), and 12950, and regularly employ five (5) or more persons and are therefore subject to the jurisdiction of this Court.

8. At all times relevant herein, Employers and DOES 1-20 were Plaintiff's employers, joint employers and/or special employers within the meaning of the Labor Code and Industrial Welfare Commission Order No. 4-2001, and are each an "employer or other person acting on behalf of an employer" as such term is used in Labor Code section 558, and liable to Plaintiff on that basis.

9. The true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants named herein as DOES 1-20, inclusive, are unknown to Plaintiff at this time and therefore said Defendants are sued by such fictitious names. Plaintiff will seek leave to amend this complaint to insert the true names and capacities of said Defendants when the same become known to Plaintiff. Plaintiff is informed and believes, and based thereupon alleges, that each of the fictitiously named Defendants is responsible for the wrongful acts alleged herein, and is therefore liable to Plaintiff as alleged hereinafter.

10. Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors, coconspirators, parent corporation, joint employers, alter egos, successors, and/or joint ventures of the other Defendants, and each of them, and in doing the things alleged herein, were acting at least in part within the course and scope of said agency, employment, conspiracy, joint employer, alter ego status, successor status and/or joint venture and with the permission and consent of each of the other Defendants.

11. Plaintiff is informed and believes, and based thereupon alleges, that Defendants, and each of them, including those defendants named as DOES 1-20, acted in concert with one another to commit the wrongful acts alleged herein, and aided, abetted, incited, compelled and/or coerced one another in the wrongful acts alleged herein, and/or attempted to do so, including pursuant to

Government Code §12940(i). Plaintiff is further informed and believes, and based thereupon alleges, that Defendants, and each of them, including those defendants named as DOES 1-20, and each of them, formed and executed a conspiracy or common plan pursuant to which they would commit the unlawful acts alleged herein, with all such acts alleged herein done as part of and pursuant to said conspiracy, intended to cause and actually causing Plaintiff harm.

12.     Whenever and wherever reference is made in this complaint to any act or failure to act by a Defendant or co-Defendant, such allegations and references shall also be deemed to mean the acts and/or failures to act by each Defendant acting individually, jointly and severally.

13.     Plaintiff has filed complaints of discrimination, harassment, retaliation, failure to prevent discrimination or retaliation, failure to accommodate, failure to engage in the interactive process, and wrongful termination under Government Code §§12940, et seq., the California Fair Employment and Housing Act ("FEHA") with the California Department of Fair Employment and Housing ("DFEH"), and has satisfied Plaintiff's administrative prerequisites with respect to these and all related filings.

## ALTER EGO, AGENCY, SUCCESSOR AND JOINT EMPLOYER

14.     Plaintiff is informed and believes, and based thereon alleges, that there exists such a unity of interest and ownership between Employers and DOES 1-20 that the individuality and separateness of defendants have ceased to exist.

15.     Plaintiff is informed and believes, and based thereon alleges, that despite the formation of purported corporate existence, Employers and DOES 1-20 are, in reality, one and the same, including, but not limited to because:

a.     Employers are completely dominated and controlled by one another and DOES 1-20, who personally committed the frauds and violated the laws as set forth in this complaint, and who have hidden and currently hide behind Defendants to perpetrate frauds, circumvent statutes, or accomplish some other wrongful or inequitable purpose.

b.     Employers and DOES 1-20 derive actual and significant monetary benefits by and through one another's unlawful conduct, and by using one another as the funding source for their own personal expenditures.

c.     Employers and DOES 1-20, while really one and the same, were segregated to appear as though separate and distinct for purposes of perpetrating a fraud, circumventing a statute, or accomplishing some other wrongful or inequitable purpose.

d.     Employers do not comply with all requisite corporate formalities to maintain a legal and separate corporate existence.

e.     The business affairs of Employers and DOES 1-20 are, and at all times relevant were, so mixed and intermingled that the same cannot reasonably be segregated, and the same are in inextricable confusion. Employers are, and at all times relevant hereto were, used by one another and DOES 1-20 as a mere shell and conduit for the conduct of certain of Defendants' affairs, and are, and were, the alter ego of one another and DOES 1-20. The recognition of the separate existence of Defendants would not promote justice, in that it would permit Defendants to insulate themselves from liability to Plaintiff for violations of the Government Code and other statutory violations. The corporate existence of Employers and DOES 1-20 should be disregarded in equity and for the ends of justice because such disregard is necessary to avoid fraud and injustice to Plaintiff herein.

16.     Accordingly, Employers constitute the alter ego of one another and DOES 1-20, and the fiction of their separate corporate existence must be disregarded.

17.     As a result of the aforementioned facts, Plaintiff is informed and believes, and based thereon alleges that Employers and DOES 1-20 are Plaintiff's joint employers by virtue of a joint enterprise, and that Plaintiff was an employee of Employers and DOES 1-20. Plaintiff performed services for each and every one of Defendants, and to the mutual benefit of all Defendants, and all Defendants shared control of Plaintiff as an employee, either directly or indirectly, and the manner in which Defendants' business was and is conducted.

18.     Alternatively, Plaintiff is informed and believes and, based thereupon alleges, that as and between DOES 1-20, Employers, or any of them, (1) there is an express or implied agreement of assumption pursuant to which Employers and/or DOES 1-20 agreed to be liable for the debts of the other Defendants, (2) the transaction between Employers and/or DOES 1-20 and the other Defendants amounts to a consolidation or merger of the two corporations, (3) Employers and/or DOES 1-20 are a mere continuation of the other Defendants, or (4) the transfer of assets to Employers and/or DOES 1-20

1    is for the fraudulent purpose of escaping liability for Defendants' debts. Accordingly, Employers and/or

2    DOES 1-20 are the successors of one or more of the other Defendants, and are liable on that basis.

3

4                              **FACTUAL ALLEGATIONS**

5           19.    On or around October 26, 2020, Employers hired Plaintiff to work as a Senior

6    Technician. Plaintiff was a full-time, non-exempt employee, and performed all of Plaintiff's job duties

7    satisfactorily before Plaintiff was wrongfully terminated on or around November 24, 2021.

8           20.    Between October 26, 2020 and November 24, 2021, Plaintiff's hourly wage rate was

9    $34.55. During this time period, Plaintiff's fixed schedule was around four days per week, Sunday to

10   Wednesday, for approximately 10 hours per day.

11          21.    Throughout his employment with Employers, Plaintiff was not paid for all hours worked

12   and/or suffered with Employers including Plaintiff's egress and ingress through security. Each time

13   Plaintiff entered and exited his worksite, he was required to go through a security checkpoint, which

14   took at least ten minutes to process through each time. Employers required Plaintiff to clock out, walk a

15   lengthy distance (at least five minutes) to the checkpoint and then process through the checkpoint and

16   vice versa whenever Plaintiff arrived at work. As a result, Plaintiff was not compensated for the time he

17   spent going through the lengthy security process each day which was approximately 100 minutes (or 1

18   hour and 35 minutes) each day. Moreover, Plaintiff's meal and rest breaks were also cut short and/or

19   interrupted as a result of the security process.

20          22.    Plaintiff's supervisor, Alejandro Marquez, bullied Plaintiff throughout Plaintiff's

21   employment. Marquez cursed at Plaintiff, called Plaintiff names like 'fucking stupid', sent Plaintiff

22   home early without cause, yelled out Plaintiff, and insulted Plaintiff, saying things like 'You don't

23   know anything.' (or words to that effect).

24          23.    Marquez assigned Plaintiff to the hardest jobs and set  unrealistic expectations so

25   Plaintiff would fail and/or be unable to take meal and rest breaks.

26          24.    Plaintiff complained about Marquez to his superiors. Plaintiff also complained that his

27   workload made taking meal and rest breaks impossible; however, Employers dismissed Plaintiff's

28   complaints.

25.     Plaintiff reported Marquez to Mike King, Employers' Superintendent, because Marquez drove without a license. Plaintiff is informed and believes Marquez's license was suspended. Plaintiff also suspected Marquez of coming to work intoxicated. Employers failed to address Plaintiff's concerns and Plaintiff was retaliated against as a result of his report, including increased harassment and cruelty from Marquez.

26.     On or around November 7, 2021, Plaintiff and several other employees had to work through a deadline, which required them to work thirteen hours *sans* breaks. Plaintiff was only paid for ten hours. Plaintiff notified Marquez that Plaintiff was not paid for all hours worked.  In retaliation, Marquez barred Plaintiff from attending handoff meetings, which decreased Plaintiff's weekly hours worked and was in effect, a demotion as senior employees attended these meetings. Plaintiff hours were decreased by six hours per week.

27.     Throughout Plaintiff's employment, Plaintiff was not permitted to, and not advised of Plaintiff's right to take statutory 10-minute rest breaks for every four hours worked or substantial portion thereof. One or more of Plaintiff's 10-minute rest breaks were not provided, if not interrupted, approximately 4 times per week.

28.     Throughout Plaintiff's employment, Plaintiff did not receive uninterrupted statutory 30-minute meal periods for days on which Plaintiff worked at least 5 hours, which was each day Plaintiff worked. Throughout Plaintiff's employment, Plaintiff did not receive a second uninterrupted statutory 30-minute meal period for days on which Plaintiff worked at least 10 hours, which was 4 days each week. One or more of Plaintiff's 30-minute meal periods were not provided, if not interrupted, approximately 8 times per week.

29.     In or around November 2021, Plaintiff reported Marquez for harassment to human resources.

30.     Thereafter, Plaintiff was removed from his position.

31.     Plaintiff contacted Employers to return to work but Employer failed and refused to return Plaintiff to work.

32.     Thereafter Defendants wrongfully terminated Plaintiff's employment on November 24, 2021.

COMPLAINT FOR DAMAGES

33.   Plaintiff's termination was substantially motivated by Plaintiff's engagement in protected activities. Defendants' discriminatory animus is evidenced by the previously mentioned facts.

34.   Defendants' conduct described herein was undertaken, authorized, and/or ratified Defendants' officers, directors and/or managing agents, and those identified herein as DOES 1 through 20, who were authorized and empowered to make decisions that reflect and/or create policy for Defendants. The aforementioned conduct of said managing agents and individuals was therefore undertaken on behalf of Defendants who further had advanced knowledge of the actions and conduct of said individuals whose actions and conduct were ratified, authorized, and approved by managing agents whose precise identities are unknown to Plaintiff at this time and are therefore identified and designated herein as DOES 1 through 20, inclusive.

35.   As a result of Defendants' actions, Plaintiff has suffered and will continue to suffer general and special damages, including severe and profound pain and emotional distress, anxiety, depression, headaches, tension, and other physical ailments, as well as medical expenses, expenses for psychological counseling and treatment, and past and future lost wages and benefits.

36.   As a result of the above, Plaintiff is entitled to past and future lost wages, bonuses, commissions, benefits and loss or diminution of earning capacity.

37.   Plaintiff claims general damages for emotional and mental distress and aggravation in a sum in excess of the jurisdictional minimum of this Court.

38.   Because the acts taken toward Plaintiff were carried out by officers, directors and/or managing agents acting in a deliberate, cold, callous, cruel and intentional manner, in conscious disregard of Plaintiff's rights and in order to injure and damage Plaintiff, Plaintiff requests that punitive damages be levied against Defendants and each of them, in sums in excess of the jurisdictional minimum of this Court.

COMPLAINT FOR DAMAGES

**FIRST CAUSE OF ACTION**

**RETALIATION**

**LABOR CODE §98.6**

**AGAINST ALL DEFENDANTS**

39.    Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

40.    Labor Code §98.6(a) prohibits an employer from discharging or discriminating against an employee for political activities; for complaining that he or she is owed unpaid wages, for whistleblowing; for assigning wage claims to the Labor Commissioner resulting from demotion, suspension, or discharge for lawful conduct occurring during nonworking hours away from employer's premises; for filing a complaint with the Labor Commissioner or testifying in such proceedings; for initiating proceedings against the employer to collect civil penalties under the "Labor Code Private Attorneys General Act;" and for exercising "any rights afforded him or her" under the Labor Code. Thus, Section 98.6 prohibits an employer from discharging or in any manner discriminating or retaliating against an employee who, among other things, has exercised her or her rights under that Chapter, including the right to take meal breaks, and/or made a written or oral complaint that he or she is owed unpaid wages.  An employee who has been discharged or retaliated against in violation of Labor Code §98.6 is entitled to recovery of a civil penalty against the employer in an amount not exceeding ten thousand dollars ($10,000.00) for each violation of that section.

41.    Plaintiff is informed and believe, and based thereupon allege, that Plaintiff was terminated from Plaintiff's employment with Defendants as a result of Plaintiff's complaints about not being paid all wages due, not receiving meal and/or rest breaks, exercising Plaintiff's right to take meal and/or rest breaks. Defendants' retaliatory animus is evidenced by, among other things, the immediate reduction by Plaintiff's work hours after he complained of the uncredited work hours, Plaintiff being told not to attend hand-off meetings subsequent to making such complaint, and his subsequent termination of employment.

42.    Defendants' conduct described herein was undertaken, authorized, and/or ratified by Defendants, and Defendants' officers and/or managing agents, including those identified herein as

DOES 1-20, who were authorized and empowered to make decisions that reflect and/or create policy for Defendants. The aforementioned conduct of said managing agents and individuals was therefore undertaken on behalf of Defendants. Defendants further had advanced knowledge of the actions and conduct of said individuals whose actions and conduct were ratified, authorized, and approved by managing agents whose precise identities are unknown to Plaintiff at this time and are therefore identified and designated herein as DOES 1-20, inclusive.

43.     The damage allegations of Paragraphs 35 through 38, inclusive, are herein incorporated by reference.

44.     As a result of Defendants' actions, Plaintiff is entitled to a civil penalty not to exceed $10,000.00 for Defendants' violations of Labor Code § 98.6.

45.     Because the acts taken toward Plaintiff were carried out by managerial employees acting in a deliberate, cold, callous, cruel and intentional manner, in conscious disregard of Plaintiff's rights and in order to injure and damage Plaintiff, Plaintiff requests that punitive damages be levied against Defendants and each of them, in sums in excess of the jurisdictional minimum of this court.

## SECOND CAUSE OF ACTION
## FOR RETALIATION
## IN VIOLATION OF LABOR CODE §§ 1102.5 AND 1102.6
## AGAINST ALL DEFENDANTS

46.     Plaintiff re-alleges and incorporates by reference all Paragraphs, inclusive, as though set forth in full herein.

47.     At all relevant times, Labor Code §1102.5(a) was in full force and effect, and was binding on Defendants. This law prohibits an employer, or any person acting on behalf of the employer, from discharging an employee or in any manner discriminating or retaliating against, or taking any adverse action against, an employee because, among other things, the employee disclosed information to a government or law enforcement agency, or to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance, if the employee has reasonable cause to believe that the information discloses a violation of state or

federal statute, or violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties. Pursuant to Labor Code §1102.5(f), in addition to other penalties, an employer that is a corporation or limited liability company is liable for a civil penalty not exceeding ten thousand dollars ($10,000) for each violation of this section.

48.     Plaintiff reported suspected violations of the Labor Code, Marquez driving with a suspended license, and Marquez reporting to work intoxicated to Plaintiff's supervisors.

49.     Defendants subjected Plaintiff to the adverse employment action, including without limitation, demotion, decrease hours, and termination because Plaintiff reported the suspected violations to Plaintiff's supervisors.

50.     Plaintiff's reports of these violations were a motivating and contributing factor for the adverse employment actions by Defendants against Plaintiff.

51.     Said conduct violates Labor Code Labor Code §1102.5 and Labor Code §1102.6, and such violations were a proximate cause in Plaintiff's damages as hereinabove stated.

52.     The damage allegations are herein incorporated by reference.

53.     As a result of Defendants' actions, Plaintiff is entitled to a civil penalty not to exceed $10,000.00 for Defendants' violations of Labor Code § 1102.5.

54.     The foregoing conduct of Defendants individually, or by and through their managing agents, was intended by Defendants to cause injury to Plaintiff, or was despicable conduct carried on by Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

COMPLAINT FOR DAMAGES

**THIRD CAUSE OF ACTION**

**FOR FAILURE TO PAY WAGES DUE**

**LABOR CODE §§201, 1182.12, 1194, 1194.2**

**AGAINST ALL DEFENDANTS**

55.    Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

56.    At all relevant times, Defendants failed and refused to pay Plaintiff wages earned and required by 8 Code of Regulations §11040, as set forth hereinabove.  As alleged herein, Defendants routinely failed to pay Plaintiff for hours worked beyond eight in a day or 40 per week.

57.    As alleged herein, Plaintiff was not exempt from the requirements of Labor Code §510, 8 Code of Regulations §11040, and Industrial Welfare Commission Order No. 4-2001.

58.    Plaintiff has been deprived of Plaintiff's rightfully earned compensation as a direct and proximate result of Defendants' failure and refusal to pay said compensation.  Plaintiff is entitled to recover such amounts, plus interest thereon, attorneys' fees and costs.

59.    Labor Code §558(a) provides that any person acting on behalf of an employer who violates, or causes to be violated, any statute or provision regulating hours and days of work in any order of the Industrial Welfare Commission pay a civil penalty in the amount of $50.00 for each underpaid employee for each pay period in which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.  Also, Labor Code §558(a) for each subsequent violation, the person acting on behalf of an employer is liable in the amount of $100.00 for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover the underpaid wages.

60.    In addition to the unpaid wages, Plaintiff is entitled to civil penalties in this amount stated above based upon Defendants' underpayment of minimum and overtime wages.  Within the one year immediately preceding the filing of this Complaint, Defendants, and each of them, violated Labor Code §558 on 8 pay periods, the first of which Defendants are penalized $50.00, and the remainder of which Defendants are penalized $100.00 each, for a total due in Labor Code §558 penalties of $750.00.

### FOURTH CAUSE OF ACTION

### FOR FAILURE TO PAY MINIMUM WAGES

### LABOR CODE §§1182.12, 1194, 1194.2, 1197

### AGAINST ALL DEFENDANTS

61.     Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

62.     Pursuant to Labor Code §1197, payment of less than the minimum wage fixed by law is unlawful. An employer violates the minimum wage statute even if the average rate for paid and unpaid hours exceeded the minimum wage. Under California law, Plaintiff is entitled to at least the minimum wage for every hour worked.

63.     In the periods immediately preceding the filing of this complaint, Employers failed and refused to pay Plaintiff the legal minimum wage in the State of California, as set forth in Labor Code §1182.12, as follows:

64.     From October 26, 2020 to December 31, 2020, Plaintiff worked approximately 6.67 hours per week without getting paid anything. Therefore Plaintiff is owed $780.39 calculated at 6.67 unpaid hours per week for 9 weeks, at $13.00 per hour.

65.     From January 1, 2021 to November 24, 2021, Plaintiff worked approximately 6.67 hours per week without getting paid anything. Therefore Plaintiff is owed $4075.37 calculated at 6.67 unpaid hours per week for 47 weeks, at $14.00 per hour.

66.     On November 7, 2021, Plaintiff worked approximately 3 hours without getting paid anything. Therefore Plaintiff is owed $42.00 calculated at 3 unpaid hours, at $14.00 per hour.

67.     Thus, for the entirety of the time periods set forth above, Plaintiff is owed unpaid minimum wages in the amount of $4,897.76.

68.     Defendants' failure to pay the legal minimum wage to Plaintiff as alleged herein is unlawful and creates entitlement, pursuant to Labor Code §1197, to recovery by Plaintiff in a civil action for the unpaid balance of the full amount of the unpaid wages owed, calculated as the difference between the straight time compensation paid and applicable minimum wage, including interest thereon.

69.   Pursuant to Labor Code §1194, Plaintiff requests that the court award reasonable attorneys' fees and costs incurred by Plaintiff in this action.

70.   In addition, pursuant to Labor Code §1194.2, Plaintiff is entitled to recover liquidated damages in an amount equal to the minimum wages unlawfully unpaid as previously alleged, an additional $4,897.76, plus interest thereon

## FIFTH CAUSE OF ACTION
## FOR FAILURE TO PAY OVERTIME COMPENSATION
## LABOR CODE §§510, 1194
## AGAINST ALL DEFENDANTS

71.   Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

72.   Labor Code §510 requires employers to pay their non-exempt employees one and one-half times their regular hourly rate (overtime) for time worked in excess of eight hours in a single day, or 40 hours per week, and double their regular hourly rate (double-time) for all hours worked in excess of 12 hours in a single day. It also requires employers to pay their non-exempt employees overtime compensation for the first eight hours of work done on the seventh consecutive day of work done in any work week, and double-time compensation for any work done beyond the first eight hours on the seventh consecutive day of work.

73.   At all relevant times, Defendants required Plaintiff to work more than eight hours per day and/or more than 40 hours per workweek.

74.   At all relevant times, Defendants failed and refused to pay Plaintiff all the overtime compensation required by Labor Code §510, 8 Code of Regulations §11040, and Industrial Welfare Commission Order No. 4-2001.

75.   From October 26, 2020 to December 31, 2020, Plaintiff worked approximately 81 hours of overtime, all of which should have been paid at 1.5 times Plaintiff's regular hourly wage rate at that time. Therefore, less the minimum wage portion of $13.00 per hour which Plaintiff has already claimed in the preceding cause of action, Plaintiff is owed $38.83 for each of those hours, totaling $3,144.83.

76.     From January 1, 2021 to November 24, 2021, Plaintiff worked approximately 314 hours of overtime, all of which should have been paid at 1.5 times Plaintiff's regular hourly wage rate at that time. Therefore, less the minimum wage portion of $14.00 per hour which Plaintiff has already claimed in the preceding cause of action, Plaintiff is owed $37.83 for each of those hours, totaling $11,878.62.

77.     On November 7, 2021, Plaintiff worked approximately 3 hours of overtime, two (2) of which should have been paid at 1.5 times Plaintiff's regular hourly wage rate and one (1) of which should have been paid at two times Plaintiff's regular hourly wage rate at that time. Therefore, less the minimum wage portion of $14.00 per hour which Plaintiff has already claimed in the preceding cause of action, Plaintiff is owed $37.83 for two of those hours and $55.10 for one of those hours, totaling $130.76.

78.     As alleged herein, Plaintiff is not exempt from the overtime pay requirements of Labor Code §510, 8 Code Regulations §11040, and Industrial Welfare Commission Order No. 4-2001.

79.     Thus, for the entirety of the time periods set forth above, Plaintiff is owed overtime wages of $15,154.21, above and beyond the minimum wages sought in the preceding cause of action for these same hours.

80.     Plaintiff has been deprived of Plaintiff's rightfully earned overtime compensation as a direct and proximate result of Defendants' failure and refusal to pay said compensation. Plaintiff is entitled to recover such amounts, plus interest thereon, attorneys' fees, and costs.

**SIXTH CAUSE OF ACTION**

**FOR FAILURE TO PROVIDE MEAL AND REST BREAKS**

**LABOR CODE §§226.7, 512**

**AGAINST ALL DEFENDANTS**

81.     Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

82.     Labor Code §512 requires employers to provide every employee with an uninterrupted meal period of not less than 30 consecutive minutes, for every period of work exceeding five hours.

83.   Labor Code §226.7 requires an employer to provide every employee with an uninterrupted rest period of not less than 10 minutes, for every period worked of four hours, or substantial portion thereof.

84.   Throughout his employment, Plaintiff regularly worked in excess of 8 hours per day, and was thereby entitled to take one uninterrupted 30-minute meal period and two 10-minute rest periods on each day of work.

85.   Defendants failed and refused to provide Plaintiff with meal and rest periods, and failed to compensate Plaintiff for missed meal and rest periods, as required by Labor Code §§226.7 and the applicable sections of 8 Code of Regulations §11040 and Industrial Welfare Commission Order No. 4-2001. Specifically, from approximately October 1, 2020 to November 24, 2021, Plaintiff's statutory 30-minute meal periods were missed, interrupted or cut short approximately 4 times per week for 57 weeks, or on approximately 228 days. During this same time period, Plaintiff was deprived of one or more of Plaintiff's statutory 10-minute rest periods on approximately 228 days (4 days per week for 57 weeks).

86.   As alleged herein, Plaintiff is not exempt from the meal and rest break requirements of 8 Code of Regulations §11040 and Industrial Welfare Commission Order No. 4-2001. Consequently, Plaintiff is owed one hour of pay at Plaintiff's then regular hourly rate, or the requisite minimum wage, whichever is greater, for each day that Plaintiff was denied such meal periods, and is owed one hour of pay at Plaintiff's regular hourly rate, or the requisite minimum wage, whichever is greater, for each day that Plaintiff was denied such rest periods.

87.   From approximately October 1, 2020 to November 24, 2021, Defendants failed to provide Plaintiff with an uninterrupted statutory meal period on approximately 228 separate days. Consequently, Plaintiff is owed one hour of pay at $34.55 for each day, or $7877.40, plus interest thereon, for unpaid missed or interrupted meal periods.

88.   During this same time period, Defendants failed to provide Plaintiff with the statutory rest period on approximately 228 separate days. Consequently, Plaintiff is owed one hour of pay at $34.55 for each day, or $7877.70, plus interest thereon, for unpaid rest periods.

89.     Thus, Plaintiff is owed a total of $15,754.80, plus interest thereon, for unpaid meal and rest periods for this time period.

90.     Plaintiff has been deprived of Plaintiff's rightfully earned compensation for meal and rest breaks as a direct and proximate result of Defendants' failure and refusal to pay said compensation.

91.     Thus, for the entirety of the time periods set forth above, Plaintiff is entitled to recover such amounts in the combined amount of $15,754.80, pursuant to Labor Code §226.7(b), plus interest thereon and costs of suit.

## SEVENTH CAUSE OF ACTION
## FOR PRIVATE ATTORNEY GENERAL ACT
## LABOR CODE §2699
## AGAINST ALL DEFENDANTS

92.     Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

93.     Under Labor Code §2699, Plaintiff, as an aggrieved employee, may bring an action against Defendants, on behalf of himself and other current or former employees, seeking statutory civil penalties for Defendants' violations of the California Labor Code.

94.     Plaintiff was an aggrieved employee within the meaning of Labor Code §§2699(c) and 2699.3(a), as Defendants have committed multiple California Labor Code violations against Plaintiff, as previously pleaded in this Complaint.

95.     On February 8, 2022, more than 63 calendar days before filing this Complaint, Plaintiff provided written notice by certified mail to the Labor and Workforce Development Agency and to Defendants of the specific provisions of the California Labor Code that Defendants violated, thereby satisfying the requirements of Labor Code §2699.3(a). These violations included Labor Code §§ 201, 202, 203, 226, 226.7, 226.8, 510, 512, 1174, 1182.12, 1194, 1194.2, and 1197, each of which is enumerated among the serious violations set forth in Labor Code §2699.5.

96.   As of the filing of this Complaint, Plaintiff has not received any response from the Labor and Workforce Development Agency on its intent to pursue an action against Defendants. Consequently, Plaintiff may now commence a civil action, pursuant to Labor Code §2699.3.

97.   As a direct and proximate result of Defendants' California Labor Code violations as set forth in this Complaint, Plaintiff is entitled to civil penalties of $100 for each aggrieved employee per pay period for the initial violation, and $200 for each aggrieved employee per pay period for each subsequent violation, pursuant to Labor Code §2699(f), for those Labor Code sections not expressly providing for a penalty, and civil penalties provided by the specific Labor Code sections that do expressly provide for a penalty, §§226.3, 226.7, 510, 512, and 558.

98.   These penalties recoverable for Plaintiff alone totals approximately $11,300.00. Plaintiff may also seek these same penalties on behalf of all other aggrieved employees.

99.   Plaintiff is also entitled to reasonable attorney's fees and costs, and 25% of the recovered civil penalties, pursuant to Labor Code §§2699(g)(1)-(i).

## EIGHTH CAUSE OF ACTION
## FOR WRONGFUL TERMINATION
## IN VIOLATION THE PUBLIC POLICY OF THE STATE OF CALIFORNIA
## AGAINST ALL DEFENDANTS

100.   Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 34, inclusive, as though set forth in full herein.

101.   At all relevant times mentioned in this complaint, the FEHA was in full force and effect and was binding on Defendants. This law requires Defendants to refrain, among other things, from discriminating against any employee on the basis of retaliating against any employee who engages in protected activity.

102.   At all times mentioned in this complaint, it was a fundamental policy of the State of California that Defendants cannot discriminate and/or retaliate against any employee on the basis of engagement in protected activity.

103.    Plaintiff believes and thereon alleges that Plaintiff's engagement in protected activity with respect to these protected classes, and/or some combination thereof, were factors in Defendants' conduct as alleged hereinabove.

104.    Such discrimination and retaliation, resulting in the wrongful termination of Plaintiff's employment on the basis of Plaintiff's engagement in protected activity, and/or some combination of these factors, were a proximate cause in Plaintiff's damages as stated below.

105.    The above said acts of Defendants constitute violations of the Government Code and the public policy of the State of California embodied therein as set forth above. Defendants violated these laws by discriminating and retaliating against Plaintiff and terminating Plaintiff's employment in retaliation for exercise of protected rights.

106.    At all times mentioned in this complaint, it was a fundamental policy of the State of California that Defendants cannot discriminate and/or retaliate against any employee on the basis of use of CFRA leave, exercise of PDLL rights, or in violation of FEHA.

107.    Plaintiff is informed and believes, and based thereupon alleges, that Plaintiff's use of CFRA leave, exercise of PDLL rights, and/or Plaintiff's status as a protected member of the class under FEHA was a proximate cause in Plaintiff's damages as stated below.

108.    At all relevant times mentioned in this complaint, Labor Code §98.6 was in full force and effect and was binding upon Defendants and each of them. This law prohibits retaliation against employees who complain about unpaid wages and/or attempt to exercise the rights under the Labor Code. Labor Code §98.6 reflects the State's broad public policy interest in protecting the rights of individual employees and job applicants who could not otherwise afford to protect themselves from violations of the Labor Code.

109.    At all relevant times mentioned in this complaint, Labor Code §1102.5 was in full force and effect and was binding upon Defendants and each of them. This law prohibits retaliation against employees who disclose reasonable suspicions of illegal activity or conduct by their employer to a government or law enforcement agency, or to employer itself. Labor Code §1102.5 reflects the State's broad public policy interest in encouraging workplace "whistleblowers," who may without fear of retaliation report concerns regarding an employer's suspected illegal conduct, irrespective of whether

1  the reporting is made to governmental agencies or to the employer itself, and irrespective of whether the
2  employee's suspicions are correct that the challenged conduct actually violates some law. Indeed, the
3  law in California is that an employee's good faith but mistaken belief in the illegality of his co-
4  workers', supervisor's, and employer's conduct is protected from employer retaliation in the whistle-
5  blowing context.

6      110.   Plaintiff is informed and believes, and based thereupon alleges, that Plaintiff's
7  engagement in protected activities under Labor Code §§ 98.6 and/or 1102.5 was a proximate cause in
8  Plaintiff's damages as stated below.

9      111.   The damage allegations of Paragraphs 35 through 38, inclusive, are herein incorporated
10  by reference.

11      112.   The foregoing conduct of Defendants individually, or by and through their officers,
12  directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was
13  despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of
14  Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights
15  such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to
16  punitive damages in an amount appropriate to punish or make an example of Defendants.

17  **NINTH CAUSE OF ACTION**
18  **FOR FAILURE TO PROVIDE ITEMIZED WAGE AND HOUR STATEMENTS**
19  **LABOR CODE §§226 ET SEQ.**
20  **AGAINST ALL DEFENDANTS**

21      113.   Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as
22  though set forth in full herein.

23      114.   Pursuant to Labor Code §§226 and 1174, employers have a duty to provide their non-
24  exempt employees with itemized statements showing total hours worked, hourly wages, gross wages,
25  total deductions and net wages earned. An employer who violates these code sections is liable to its
26  employees for the greater of actual damages suffered by the employee, or $50.00 in civil penalties for
27  the initial pay period in which a violation occurred, and $100.00 per employee for each subsequent pay
28  period, up to a statutory maximum of $4,000.00. Pursuant to Labor Code §226(e)(2), an employee is

deemed to suffer injury for purposes of this subdivision if the employer fails to provide a wage statement at all.

115.   In addition thereto, pursuant to Labor Code §226.3, an employer who willfully violates Labor Code §226 is subject to a $250.00 civil penalty for the initial pay period in which a violation occurred, and $1,000.00 per employee for each subsequent pay period, with no maximum.

116.   At all relevant times, Defendants failed to provide the Plaintiff with timely and accurate wage and hour statements showing gross wages earned, total hours worked, all deductions made, net wages earned, the name and address of the legal entity employing Plaintiff, and all applicable hours and rates in effect during each pay period and the corresponding number of hours worked at each hourly rate by Plaintiff.  For the majority of the time and as to nearly all of Plaintiff's wages, Defendants knowingly and intentionally, not inadvertently, failed to provide Plaintiff with paystubs at all, and instead paying Plaintiff entirely in cash without any calculations of how Plaintiff's gross wages were calculated.  Not one of the paystubs that Plaintiff received complied with Labor Code §226, and contained almost none of the required information, including hours actually worked.

117.   As alleged herein, Plaintiff is not exempt from the requirements of Labor Code §226.

118.   This failure has injured Plaintiff, by misrepresenting and depriving Plaintiff of hour, wage, and earnings information to which Plaintiff is entitled, causing Plaintiff difficulty and expense in attempting to reconstruct time and pay records, causing Plaintiff not to be paid wages Plaintiff is entitled to, causing Plaintiff to be unable to rely on earnings statements in dealings with third parties, eviscerating Plaintiff's right under Labor Code §226(b) to review itemized wage statement information by inspecting the employer's underlying records, and deceiving Plaintiff regarding Plaintiff's entitlement to overtime, meal period, and rest period wages.  For the time periods that Plaintiff was not provided with paystubs at all, Plaintiff's aforementioned injuries are presumed as a matter of law.

119.   Plaintiff was paid on a twice monthly basis, and therefore Defendants violated Labor Code §226 approximately 8 times during the one year preceding the filing of this complaint. Consequently, Defendants are liable to Plaintiff for Plaintiff's actual damages, or penalties in the statutory maximum amount of $4,000.00, whichever is greater.

120.   In addition thereto, for Defendant's 8 violations, Defendants are penalized $250.00 for the first violation, and the remainder of which Defendants are penalized $1,000.00 each, for a total due in Labor Code §226.3 penalties of $7,250.00.

121.   Based on Defendants' conduct as alleged herein, Defendants are liable for damages and statutory penalties pursuant to Labor Code §226, civil penalties pursuant to Labor Code §226.3, and other applicable provisions, as well as attorneys' fees and costs.

**TENTH CAUSE OF ACTION**

**FOR WAITING TIME PENALTIES**

**LABOR CODE §§201-203**

**AGAINST ALL DEFENDANTS**

122.   Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

123.   At all relevant times, Defendants failed to pay all of the Plaintiff's accrued wages and other compensation due immediately upon termination or within 72 hours of resignation, as required. These wages refer to, at a minimum, unpaid minimum wages, overtime compensation, and meal and rest period compensation that Defendants should have paid, but did not pay to Plaintiff during the term of Plaintiff's employment and which were, at the latest, due within the time restraints of Labor Code §§201-203.

124.   As alleged herein, Plaintiff is not exempt from the requirements of Labor Code §§201-203.

125.   As a direct and proximate result of Defendants' willful failure to pay these wages, Plaintiff is entitled to payment of Plaintiff's overtime, meal and rest periods as previously pleaded herein, and more than $11,401.80 in wait time penalties, calculated based on 30 days of Plaintiff's daily wage rate of $380.06, inclusive of overtime.

126.   Based on Defendants' conduct as alleged herein, Defendants are liable for $11,401.80 in statutory penalties pursuant to Labor Code §203 and other applicable provisions, as well as attorneys' fees and costs.

22

COMPLAINT FOR DAMAGES

1

2

3

4

**ELEVENTH CAUSE OF ACTION**

**FAILURE TO PERMIT INSPECTION OF PERSONNEL AND PAYROLL RECORDS**

**LABOR CODE §1198.5**

**AGAINST ALL DEFENDANTS**

5      127.    Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as

6  though set forth in full herein.

7      128.    Labor Code §1198.5 requires an employer, within thirty (30) days of a written request

8  thereof, to inspect or receive a copy of an employee's personnel and payroll records.  An employer's

9  failure to do so subjects the employer to a $750.00 penalty, payable to the employee.

10     129.    On February 15, 2022, Plaintiff made a written request to inspect or receive a copy of

11  Plaintiff's personnel and payroll records from Defendants, which Defendants received.

12     130.    Defendants failed and refused to permit Plaintiff's inspection of Plaintiff's personnel

13  records, and failed to provide a copy of Plaintiff's personnel records to Plaintiff within the time

14  required by Labor Code §1198.5, or ever.

15     131.    As a result of Defendants' failure and refusal to comply with Labor Code §1198.5,

16  Plaintiff is entitled to recover from Defendants a civil penalty of $750.00.

17

18

19

20

21

**TWELFTH CAUSE OF ACTION**

**FOR UNFAIR COMPETITION**

**BUSINESS & PROFESSIONS CODE §§17200, ET SEQ.**

**AGAINST ALL DEFENDANTS**

22     132.    Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as

23  though set forth in full herein.

24     133.    Defendants' violations of 8 Code of Regulations §11040, Industrial Welfare

25  Commission Order No. 4-2001, Labor Code §§201-203, 226, 226.7, 510, 512, 1182.12, 1194, 1194.2,

26  1197, 1198.5, 2699, and other applicable provisions, as alleged herein, including Defendants' failure

27  and refusal to pay minimum wages, overtime wages, Defendants' failure to provide meal and rest

28  breaks, Defendants' failure to provide timely and accurate wage and hour statements, Defendants'

COMPLAINT FOR DAMAGES

failure to pay compensation due in a timely manner upon termination or resignation, and Defendants' failure to maintain complete and accurate payroll records for the Plaintiff, constitute unfair business practices in violation of Business & Professions Code §§17200, et seq.

134.   As a result of Defendants' unfair business practices, Defendants have reaped unfair benefits and illegal profits at the expense of Plaintiff and members of the public.  Defendants should be made to disgorge their ill-gotten gains and restore such monies to Plaintiff.

135.   Defendants' unfair business practices entitle Plaintiff to seek preliminary and permanent injunctive relief, including but not limited to orders that the Defendants account for, disgorge, and restore to the Plaintiff the overtime compensation and other monies and benefits unlawfully withheld from Plaintiff.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff seeks judgment against Defendants and each of them, in an amount according to proof but estimated to be no less than $250,000 as follows:

1.   For a money judgment representing compensatory damages including lost wages, earnings, commissions, retirement benefits, and other employee benefits, and all other sums of money, together with interest on these amounts; for other special damages; and for general damages for mental pain and anguish and emotional distress and loss of earning capacity;

2.   For civil penalties pursuant to Labor Code §98.6 in the amount of no less than $10,000.00;

3.   For civil penalties pursuant to Labor Code § 1102.5 in the amount of no less than $10,000.00;

4.   For penalties pursuant to Labor Code §226.8(b)-(c), in the amount of no less than $25,000.00;

5.   For payment of unpaid minimum wage compensation pursuant to Labor Code §§1182.12, 1194, 1194.2, 1197, and Industrial Welfare Commission Order No. 4-2001, in the amount of no less than $ 4,897.76;

6.     For liquidated damages pursuant to Labor Code §1194.2 in the amount of $ 4,897.76, plus interest;

7.     For payment of unpaid overtime compensation pursuant to Labor Code §§201, 510, 1194, Industrial Welfare Commission Order No. 4-2001, and 8 Code of Regulations §11040, in the amount of no less than $15,154.21;

8.     For statutory penalties or damages pursuant to Labor Code §558 in the amount of no less than $750.00;

9.     For payment of meal and rest period compensation pursuant to Labor Code §226.7, 512, in the amount of no less than $15,754.80;

10.    For damages pursuant to Labor Code §226 in the amount of no less than $4,000.00;

11.    For statutory penalties or damages pursuant to Labor Code §226.3 in the amount of no less than $7250.00;

12.    For waiting time penalties pursuant to Labor Code §§201-203 in the amount of no less than $11,401.80;

13.    For statutory penalties pursuant to Labor Code §1198.5 in the amount of no less than $750.00;

14.    For statutory penalties pursuant to Labor Code §2699(f) on Plaintiff's own behalf, and similar amounts on behalf of all of Defendants' aggrieved employees;

15.    For prejudgment interest on each of the foregoing at the legal rate from the date the obligation became due through the date of judgment in this matter.

**WHEREFORE**, Plaintiff further seeks judgment against Defendants, and each of them, in an amount according to proof, as follows:

16.    For punitive damages, pursuant to Civil Code §§3294 in  amounts sufficient to punish Defendants for the wrongful conduct alleged herein and to deter such conduct in the future;

17.    For injunctive relief compelling Defendants to report to federal and state authorities wages earned by Plaintiff, and other employees, and pay all state and federal taxes owing, employer matching funds, unemployment premiums, social security, Medicare, and workers' compensation premiums, all this in an amount according to the proof;

18.     For restitutionary disgorgement of profits garnered as a result of Defendants' unlawful conduct, misclassification of Plaintiff as an independent contractor, and failure to pay wages and other compensation in accordance with the law;

19.     For costs of suit, attorneys' fees, and expert witness fees pursuant to the FEHA, Labor Code and/or any other basis;

20.     For post-judgment interest; and

21.     For any other relief that is just and proper.

DATED: August 1, 2022                    DOWNTOWN L.A. LAW GROUP

By:

Daniel Azizi Esq,
Liliuokalani Martin, Esq.
Zekiah Wright, Esq.
Attorneys for Plaintiff
CESAR MADRIGAL

## JURY TRIAL DEMANDED

Plaintiff demands trial of all issues by jury.

DATED: August 1, 2022                    DOWNTOWN L.A. LAW GROUP

By:

Daniel Azizi Esq,
Liliuokalani Martin, Esq.
Zekiah Wright, Esq.
Attorneys for Plaintiff
CESAR MADRIGAL

26

COMPLAINT FOR DAMAGES

# EXHIBIT C

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>Administration Building, 1221 Oak Street, Oakland, CA 94612 | **FILED**<br>Superior Court of California<br>County of Alameda<br>08/03/2022<br>Chad Finke , Executive Officer / Clerk of the Court<br>By: _____ A. Linhares _____ Deputy |
| PLAINTIFF:<br>CESAR MADRIGAL, AN INDIVIDUAL AND ON BEHALF OF AGGI | |
| DEFENDANT:<br>SMG EXTOL, LLC, A CALIFORNIA LIMITED LIABILITY COMPAN | |
| **NOTICE OF CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>22CV015509 |

TO THE PLAINTIFF(S)/ATTORNY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (Cal. Rules of Court, 3.110(b)).

Give notice of this conference to all other parties and file proof of service.

Your Case Management Conference has been scheduled on:

> Date: 12/19/2022     Time: 2:30 PM     Dept.: 22
>
> Location: Rene C. Davidson Courthouse
> Administration Building, 1221 Oak Street, Oakland, CA 94612

TO DEFENDANT(S)/ATTORNEY(S) FOR DEFENDANT(S) OF RECORD:

The setting of the Case Management Conference does not exempt the defendant from filing a responsive pleading as required by law, you must respond as stated on the summons.

TO ALL PARTIES who have appeared before the date of the conference must:

Pursuant to California Rules of Court, 3.725, a completed Case Management Statement (Judicial Council form CM-110) must be filed and served at least 15 calendar days before the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record.

**Meet and confer**, in person or by telephone as required by Cal. Rules of Court, rule 3.724.

**Post jury fees** as required by Code of Civil Procedure section 631.

If you do not follow the orders above, the court may issue an order to show cause why you should not be sanctioned under Cal. Rules of Court, rule 2.30. Sanctions may include monetary sanctions, striking pleadings or dismissal of the action.

The judge may place a Tentative Case Management Order in your case's on-line register of actions before the conference. This order may establish a discovery schedule, set a trial date or refer the case to Alternate Dispute Resolution, such as mediation or arbitration. Check the court's eCourt Public Portal for each assigned department's procedures regarding tentative case management orders at https://eportal.alameda.courts.ca.gov.

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA CIV-100 [Rev. 10/2021]

**NOTICE OF
CASE MANAGEMENT CONFERENCE**

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF ALAMEDA** | Reserved for Clerk's File Stamp |
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | **FILED**<br>Superior Court of California<br>County of Alameda<br>08/03/2022<br>Chad Finke, Executive Officer / Clerk of the Court<br>By: _____ A. Linhares _____ Deputy |
| PLAINTIFF/PETITIONER:<br>CESAR MADRIGAL, AN INDIVIDUAL AND ON BEHALF OF<br>AGGRIEVED EMPLOYEES | |
| DEFENDANT/RESPONDENT:<br>SMG EXTOL, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY<br>DOING BUSINESS AS DIRECT LINE AND SMG EXTOL et al | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>22CV015509 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Oakland, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.


LILIUOKALANI MARTIN
DOWNTOWN LA LAW GROUP, LLP
601 NORTH VERMONT AVE.
LOS ANGELES, CA 90004



Chad Finke, Executive Officer / Clerk of the Court

Dated: 08/03/2022

By:

A. Linhares, Deputy Clerk

1  DANIEL AZIZI, ESQ., SBN 268995
2  LILIUOKALANI MARTIN, ESQ. SBN 292778
   ZEKIAH N. WRIGHT, ESQ. SBN 302170
3  **DOWNTOWN L.A. LAW GROUP**
   601 North Vermont Avenue
4  Los Angeles, California 90004
   Phone: (213) 389-3765
5  Fax:   (877) 389-2775
   Email: Daniel@downtownlalaw.com
6  Email: lili@downtownlalaw.com
7  Email: zekiah@downtownlalaw.com

8  Attorneys for Plaintiff
   CESAR MADRIGAL
9

10              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11                  **FOR THE COUNTY OF ALAMEDA**

12

13  CESAR MADRIGAL, an individual and on          Case No.: 22CV015509
    behalf of aggrieved employees
14                                                 *Assigned to Hon. Judge Jeffrey Brand,*
                          Plaintiff,               *Department 22*
15
          v.
16
    SMG EXTOL, LLC, a California limited           **STATEMENT OF DAMAGES**
17  liability company doing business as DIRECT
    LINE and SMG EXTOL; DIRECT LINE
18  GLOBAL, LLC., a California limited liability    Complaint Filed: August 03, 2022
    company; and DOES 1 through 20, inclusive,     Trial Date: None Set Yet
19
                          Defendants.
20

21        Plaintiff, CESAR MADRIGAL, hereby provide to Defendants the following

22  Statement of Damages:

23

24       1.   General Damages:      In excess of          $1,000,000.00

25       2.   Special Damages:      In excess of          $1,000,000.00

26       3.   Punitive Damages      In excess of          $5,000.000.00

27  ///

28  ///

                                          1
                             **STATEMENT OF DAMAGES**

*(left margin, vertical)* Downtown L.A. Law Group / 601 N. Vermont Ave. / Los Angeles, CA 90004

1    Plaintiff reserves the right to amend this Statement of Damages at a later time, as

2  Discovery develops.

3

4

5  DATED: August 10, 2022                    **DOWNTOWN L.A. LAW GROUP**

6

7

8                                            Daniel Azizi, Esq.
                                             Liliuokalani H. Martin, Esq.
9                                            Zekiah N. Wright, Esq.
                                             Attorneys for Plaintiff,
10                                           CESAR MADRIGAL

11

Downtown L.A. Law Group
601 N. Vermont Ave.
Los Angeles, CA 90004

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**2**
**STATEMENT OF DAMAGES**

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br><br>Administration Building, 1221 Oak Street, Oakland, CA 94612 | **FILED**<br>Superior Court of California<br>County of Alameda<br>08/03/2022<br>Chad Finke, Executive Officer / Clerk of the Court<br>By: _____ A. Linhares _____ Deputy |
| PLAINTIFF(S):<br>CESAR MADRIGAL, AN INDIVIDUAL AND ON BEHALF OF AGGRIE | |
| DEFENDANT(S):<br>SMG EXTOL, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY D | |
| **NOTICE OF CASE ASSIGNMENT** | CASE NUMBER:<br>22CV015509 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Pursuant to Rule 3.734 of the California Rules of Court and Title 3 Chapter 2 of the Local Rules of the Superior Court of California, County of Alameda, this action is hereby assigned by the Presiding Judge for all purposes to:

| | |
|---|---|
| ASSIGNED JUDGE: | Jeffrey Brand |
| DEPARTMENT: | 22 |
| LOCATION: | Rene C. Davidson Courthouse<br>Administration Building, 1221 Oak Street, Oakland, CA 94612 |
| PHONE NUMBER: | (510) 267-6938 |
| FAX NUMBER: | |
| EMAIL ADDRESS: | Dept22@alameda.courts.ca.gov |

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

Please note: In this case, any challenge pursuant to Code of Civil Procedures section 170.6 must be exercised within the time period by law. (See Code of Civ. Proc. §§ 170.6, subd. (a.)(2) and 101.3)

NOTICE OF NONAVAILABILITY OF COURT REPORTERS: Effective June 4, 2012, the court will not provide a court reporter for civil law and motion hearings, any other hearing or trial in civil departments, or any afternoon hearing in Department 201 (probate). Parties may arrange and pay for the attendance of a certified shorthand reporter. In limited jurisdiction cases, parties may request electronic recording. Amended Local Rule 3.95 states: "Except as otherwise required by law, in general civil case and probate departments, the services of an official court reporter are not normally available. For civil trials, each party must serve and file a statement before the trial date indicating whether the party requests the presence of an official court reporter."

GENERAL PROCEDURES

Following assignment of a civil case to a specific department, all pleadings, papers, forms, documents and writings can be submitted for filing at either Civil Clerk's Office, located at the Rene C. Davidson Courthouse, Room 109, 1225 Fallon Street, Oakland, California, 94612, and the Hayward Hall of Justice, 24405 Amador Street, Hayward, California, 94544 and through Civil e-filing. Information regarding Civil e-filing can be found on the courts website. All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

ACSC (Rev. 10/21)

**NOTICE OF CASE ASSIGNMENT**

**ASSIGNED FOR ALL PURPOSES TO**
JUDGE Jeffrey Brand
DEPARTMENT 22

All parties are expected to know and comply with the Local Rules of this Court, which are available on the court's website at http://www.alameda.courts.ca.gov/Pages.aspx/Local-Rules(1) and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

Parties must meet and confer to discuss the effective use of mediation or other alternative dispute processed (ADR) prior to the Initial Case Management Conference. The court encourages parties to file a "Stipulation to Attend ADR and Delay Initial Case Management Conference for 90 Days." The court's website contains this form and other ADR information. If the parties do not stipulate to attend ADR, the parties must be prepared to discuss referral to ADR at the Initial Case Management Conference.

COURT RESERVATIONS

The use of the Court Reservation System (CRS) is now mandated in many civil courtrooms within the Alameda County Superior Court. Instead of calling or emailing the courtroom to make a reservation, parties with a case assigned to a courtroom using CRS are directed to utilize CRS to make and manage their own reservations, within parameters set by the courtrooms. CRS is available 24 hours a day, seven days a week and reservations can be made from a computer or smart phone. Please note, you are prohibited from reserving more than one hearing date for the same motion.

Prior to scheduling any motion on CRS, including any Applications for Orders for Appearance and Examination, or continuing any motion, please review the online information (if any) for the courtroom in which you are reserving. There may be specific and important conditions associated with certain motions and proceedings. Information is available on the court's eCourt Public Portal at www.eportal.alameda.courts.ca.gov.

Chad Finke, Executive Officer / Clerk of the Court

A. Linhares, Deputy Clerk

By

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Liliuokalani H. Martin, Esq. (292778); Zekiah N. Wright, Esq. (302170) <br> DOWNTOWN L.A. LAW GROUP, 601 N. Vermont Ave., Los Angeles, CA 90004 <br> TELEPHONE NO.: 213-389-3765   FAX NO. *(Optional):* 877-389-2775 <br> E-MAIL ADDRESS: zekiah@downtownlalaw.com <br> ATTORNEY FOR *(Name):* Cesar Madrigal | **ELECTRONICALLY FILED** <br> Superior Court of California, <br> County of Alameda <br> 08/03/2022 at 12:17:53 PM <br> By: Angela Linhares, <br> Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 24405 Amador Street
MAILING ADDRESS: 24405 Amador Street
CITY AND ZIP CODE: Hayward, CA 94544
BRANCH NAME: Hayward Hall of Justice

CASE NAME:
Cesar Madrigal vs. SMG Extol, LLC dba Direct Line and SMG Extol, et-al

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] Unlimited    [ ] Limited <br> (Amount      (Amount <br> demanded    demanded is <br> exceeds $25,000)   $25,000 or less) | [ ] Counter    [ ] Joinder <br> Filed with first appearance by defendant <br> (Cal. Rules of Court, rule 3.402) | **22CV015509** <br> JUDGE: <br> DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [x] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [x] punitive
4. Number of causes of action *(specify):* 12 (TWELVE)
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: August 01, 2022

Zekiah N. Wright, Esq.
_____
(TYPE OR PRINT NAME)         (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use <br> Judicial Council of California <br> CM-010 [Rev. September 1, 2021] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; <br> Cal. Standards of Judicial Administration, std. 3.10 <br> www.courts.ca.gov |

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

CM-010 [Rev. September 1, 2021]

**CIVIL CASE COVER SHEET**

Page 2 of 2

For your protection and privacy, please press the Clear This Form button after you have printed the form.

[ Print this form ]  [ Save this form ]   [ Clear this form ]

F. ADDENDUM TO CIVIL CASE COVER SHEET — *Unified Rules of the Superior Court of California, County of Alameda*

| Short Title: | | Case Number: |
|---|---|---|
| Cesar Madrigal, et-al vs. SMG Extol, LLC, et-al | | |

## CIVIL CASE COVER SHEET ADDENDUM

### THIS FORM IS REQUIRED IN ALL NEW UNLIMITED CIVIL CASE FILINGS IN THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

[ ] Oakland, Rene C. Davidson Alameda County Courthouse (446)

[ X ] Hayward Hall of Justice (447)

[ ] Pleasanton, Gale-Schenone Hall of Justice (448)

| Civil Case Cover Sheet Category | Civil Case Cover Sheet Case Type | Alameda County Case Type (check only one) | | |
|---|---|---|---|---|
| Auto Tort | Auto tort (22) | [ ] | 34 | Auto tort (G) |
| | | | | Is this an uninsured motorist case? [ ] yes [ ] no |
| Other PI /PD / WD Tort | Asbestos (04) | [ ] | 75 | Asbestos (D) |
| | Product liability (24) | [ ] | 89 | Product liability (not asbestos or toxic tort/environmental) (G) |
| | Medical malpractice (45) | [ ] | 97 | Medical malpractice (G) |
| | Other PI/PD/WD tort (23) | [ ] | 33 | Other PI/PD/WD tort (G) |
| Non - PI /PD / WD Tort | Bus tort / unfair bus. practice (07) | [ ] | 79 | Bus tort / unfair bus. practice (G) |
| | Civil rights (08) | [ ] | 80 | Civil rights (G) |
| | Defamation (13) | [ ] | 84 | Defamation (G) |
| | Fraud (16) | [ ] | 24 | Fraud (G) |
| | Intellectual property (19) | [ ] | 87 | Intellectual property (G) |
| | Professional negligence (25) | [ ] | 59 | Professional negligence - non-medical (G) |
| | Other non-PI/PD/WD tort (35) | [ ] | 03 | Other non-PI/PD/WD tort (G) |
| Employment | Wrongful termination (36) | [x] | 38 | Wrongful termination (G) |
| | Other employment (15) | [ ] | 85 | Other employment (G) |
| | | [ ] | 53 | Labor comm award confirmation |
| | | [ ] | 54 | Notice of appeal - L.C.A. |
| Contract | Breach contract / Wrnty (06) | [ ] | 04 | Breach contract / Wrnty (G) |
| | Collections (09) | [ ] | 81 | Collections (G) |
| | Insurance coverage (18) | [ ] | 86 | Ins. coverage - non-complex (G) |
| | Other contract (37) | [ ] | 98 | Other contract (G) |
| Real Property | Eminent domain / Inv Cdm (14) | [ ] | 18 | Eminent domain / Inv Cdm (G) |
| | Wrongful eviction (33) | [ ] | 17 | Wrongful eviction (G) |
| | Other real property (26) | [ ] | 36 | Other real property (G) |
| Unlawful Detainer | Commercial (31) | [ ] | 94 | Unlawful Detainer - commercial |
| | Residential (32) | [ ] | 47 | Unlawful Detainer - residential |
| | Drugs (38) | [ ] | 21 | Unlawful detainer - drugs |
| | | | | Is the deft. in possession of the property? [ ] Yes [ ] No |
| Judicial Review | Asset forfeiture (05) | [ ] | 41 | Asset forfeiture |
| | Petition re: arbitration award (11) | [ ] | 62 | Pet. re: arbitration award |
| | Writ of Mandate (02) | [ ] | 49 | Writ of mandate |
| | | | | Is this a CEQA action (Publ.Res.Code section 21000 et seq) [ ] Yes [ ] No |
| | Other judicial review (39) | [ ] | 64 | Other judicial review |
| Provisionally Complex | Antitrust / Trade regulation (03) | [ ] | 77 | Antitrust / Trade regulation |
| | Construction defect (10) | [ ] | 82 | Construction defect |
| | Claims involving mass tort (40) | [ ] | 78 | Claims involving mass tort |
| | Securities litigation (28) | [ ] | 91 | Securities litigation |
| | Toxic tort / Environmental (30) | [ ] | 93 | Toxic tort / Environmental |
| | Ins covrg from cmplx case type (41) | [ ] | 95 | Ins covrg from complex case type |
| Enforcement of Judgment | Enforcement of judgment (20) | [ ] | 19 | Enforcement of judgment |
| | | [ ] | 08 | Confession of judgment |
| Misc Complaint | RICO (27) | [ ] | 90 | RICO (G) |
| | Partnership / Corp. governance (21) | [ ] | 88 | Partnership / Corp. governance (G) |
| | Other complaint (42) | [ ] | 68 | All other complaints (G) |
| Misc. Civil Petition | Other petition (43) | [ ] | 06 | Change of name |
| | | [ ] | 69 | Other petition |

202-19 (5/1/00)

A-13

# EXHIBIT D

October 25, 2022

**POS-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Liliuokalani Martin, Esq. | SBN: 292778
DOWNTOWN LA LAW GROUP
601 N. Vermont Ave.  Los Angeles, CA 90004

TELEPHONE NO.: (213) 389-3765 | FAX NO. (877) 389-2775 | E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):* Plaintiff: CESAR MADRIGAL

**ALAMEDA COUNTY SUPERIOR COURT**

STREET ADDRESS: 1221 OAK STREET

MAILING ADDRESS:

CITY AND ZIP CODE: OAKLAND, CA 94612

BRANCH NAME: ALAMEDA SUPERIOR COURT

PLAINTIFF: CESAR MADRIGAL

DEFENDANT: SMG EXTOL, LLC, ET-AL

**ELECTRONICALLY FILED**
Superior Court of California
County of Alameda
**10/26/2022**
Chad Finke , Executive Officer / Clerk of the Court
By: _____ V. Hutton _____ Deputy

CASE NUMBER: 22CV015509
Dept: 22

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: CESAR MADRIGAL |
|---|---|

**BY FAX**

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:

   a. ☑ Summons
   b. ☑ Complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ Cross-complaint
   f. ☑ other *(specify documents):* NOTICE OF CASE ASSIGMENT, NOTICE OF CASE MANAGEMENT CONFERENCE, STATEMENT OF DAMAGES; Civil Case Cover Sheet Addendum

3. a. Party served *(specify name of party as shown on documents served):*
   **DIRECT LINE GLOBAL, LLC., a California limited liability company**

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   **ALEXANDER P MYERS - agent**

4. Address where the party was served: **300 3rd St Ste 5**
   **Los Altos, CA 94022-3628**

5. I served the party *(check proper box)*

   a. ☑ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* **10/21/2022**   (2) at *(time):* **2:19 PM**

   b. ☐ **by substituted service.** On *(date):* at *(time):* I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b):*

   (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

   (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

   (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him of her of the general nature of the papers.

   (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date):* from *(city):* **or** ☐ a declaration of mailing is attached.

   (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

Form Approved for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10
POS010-1/CW451636

PETITIONER: **CESAR MADRIGAL**

RESPONDENT: **SMG EXTOL, LLC, ET-AL**

CASE NUMBER:

**22CV015509**

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1) on *(date):*   (2) from *(city):*

(3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*) (Code Civ. Proc., § 415.30.)*

(4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.
b. ☐ as the person sued under the fictitious name of *(specify):*
c. ☐ as occupant.
d. ☑ On behalf of *(specify):* **DIRECT LINE GLOBAL, LLC., a California limited liability company**

under the following Code of Civil Procedure section:

☐ 416.10 (corporation)   ☑ 415.95 (business organization, form unknown)
☐ 416.20 (defunct corporation)   ☐ 416.60 (minor)
☐ 416.30 (joint stock company/association)   ☐ 416.70 (ward or conservatee)
☐ 416.40 (association or partnership)   ☐ 416.90 (authorized person)
☐ 416.50 (public entity)   ☐ 415.46 (occupant)
  ☐ other:

7. **Person who served papers**

a. Name: **Thomas J Bowman, Jr. - Cal West Attorney Services, Inc**
b. Address: **1201 W. Temple Street  Los Angeles, CA 90026**
c. Telephone number: **(213) 353-9100**
d. The fee for service was: **$ 129.15**
e. I am:

(1) ☐ not a registered California process server.
(2) ☑ exempt from registration under Business and Professions Code section 22350(b).
(3) ☑ registered California process server:
  (i) ☐ owner   ☐ employee   ☑ independent contractor.
  (ii) Registration No.: **25**
  (iii) County: **Santa Clara**

8. ☑ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: **10/25/2022**

**Cal West Attorney Services, Inc**
**1201 W. Temple Street**
**Los Angeles, CA 90026**
**(213) 353-9100**
**www.calwest.info**

**Thomas J Bowman, Jr.**
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ *(signature)*
(SIGNATURE)

October 25, 2022

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Liliuokalani Martin, Esq. | SBN: 292778<br>DOWNTOWN LA LAW GROUP<br>601 N. Vermont Ave.  Los Angeles, CA 90004<br>TELEPHONE NO.: (213) 389-3765 \| FAX NO. (877) 389-2775 \| E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: Plaintiff | **ELECTRONICALLY FILED**<br>Superior Court of California<br>County of Alameda<br><br>**10/26/2022**<br><br>Chad Finke, Executive Officer / Clerk of the Court<br>By: _____ V. Hutton _____ Deputy |

**ALAMEDA COUNTY SUPERIOR COURT**
STREET ADDRESS: 1221 OAK STREET
MAILING ADDRESS:
CITY AND ZIP CODE: OAKLAND, CA 94612
BRANCH NAME: ALAMEDA SUPERIOR COURT

| PLAINTIFF:  CESAR MADRIGAL | CASE NUMBER: 22CV015509 |
|---|---|
| DEFENDANT:  SMG EXTOL, LLC, ET-AL | Dept: 22 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:<br>CESAR MADRIGAL |
|---|---|

*(Separate proof of service is required for each party served.)*

**BY FAX**

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☑ Summons
   b. ☑ Complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☐ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ Cross-complaint
   f. ☑ other *(specify documents)*: **NOTICE OF CASE ASSIGMENT, NOTICE OF CASE MANAGEMENT CONFERENCE, STATEMENT OF DAMAGES; Civil Case Cover Sheet Addendum**

3. a. Party served *(specify name of party as shown on documents served)*:
      **SMG EXTOL, LLC, a California limited liability company doing business as DIRECT LINE and SMG EXTOL**

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
      **ALEXANDER P MYERS - authorized to accept**

4. Address where the party was served:  **300 3rd St Ste 5**
                                                         **Los Altos, CA 94022-3628**

5. I served the party *(check proper box)*
   a. ☑ **by personal service.**  I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: 10/21/2022   (2) at *(time)*: 2:19 PM

   b. ☐ **by substituted service.** On *(date)*:  at *(time)*:  I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b)*:

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him of her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him of her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date)*:  from *(city)*:   **or** ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Form Approved for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10
**POS010-1/CW451634**

| PETITIONER: CESAR MADRIGAL | CASE NUMBER: |
|---|---|
| RESPONDENT: SMG EXTOL, LLC, ET-AL | 22CV015509 |

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*                 (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ ~~by other means~~ *(specify means of service and authorizing code section):*


    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

  a. ☐ as an individual defendant.

  b. ☐ as the person sued under the fictitious name of *(specify):*

  c. ☐ as occupant.

  d. ☑ On behalf of *(specify):* **SMG EXTOL, LLC, a California limited liability company doing business as DIRECT LINE and SMG EXTOL**
    under the following Code of Civil Procedure section:

    ☐ 416.10 (corporation)                    ☑ 415.95 (business organization, form unknown)
    ☐ 416.20 (defunct corporation)             ☐ 416.60 (minor)
    ☐ 416.30 (joint stock company/association)    ☐ 416.70 (ward or conservatee)
    ☐ 416.40 (association or partnership)        ☐ 416.90 (authorized person)
    ☐ 416.50 (public entity)                 ☐ 415.46 (occupant)
                                     ☐ other:

7. **Person who served papers**
  a. Name: **Thomas J Bowman, Jr. - Cal West Attorney Services, Inc**
  b. Address: **1201 W. Temple Street  Los Angeles, CA 90026**
  c. Telephone number: **(213) 353-9100**
  d. The fee for service was: $ **81.65**
  e. I am:

    (1) ☐ not a registered California process server.
    (2) ☑ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☑ registered California process server:
      (i) ☐ owner       ☐ employee      ☑ independent contractor.
      (ii) Registration No.: **25**
      (iii) County: **Santa Clara**

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
   or
9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.


    Date: **10/25/2022**

    **Cal West Attorney Services, Inc**
    **1201 W. Temple Street**
    **Los Angeles, CA 90026**
    **(213) 353-9100**
    **www.calwest.info**

              **Thomas J Bowman, Jr.**
         (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)                    (SIGNATURE)