UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESAR MADRIGAL,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SMG EXTOL, LLC, et al.,<br><br>　　　　Defendants. | Case No. 22-cv-07351-RS<br><br>**ORDER DENYING MOTION TO REMAND** |

Plaintiff filed this wage and hour action in August 2022 in the Superior Court of California for the County of Alameda. Defendants SMG Extol, LLC, and Direct Line Global, LLC, both California limited liability companies, timely removed to federal court based on diversity of citizenship under 28 U.S.C. § 1332. *See* Dkt. 1. Plaintiff now moves to remand the case to state court. This motion is suitable for disposition without oral argument. *See* Civ. L.R. 7-1(b).

The motion is denied. Plaintiff's primary objection is that Defendants failed to include adequate support for their assertion that Plaintiff is diverse. Yet Defendants clearly stated in the notice of removal that, on information and belief, Plaintiff "is a citizen of the state of Iowa and not a citizen of California." Dkt. 1 ¶ 15. The supporting declaration further suggests that Plaintiff had previously indicated his intent to relocate to Iowa, and that he is currently residing there. *See* Dkt. 1-2 ¶ 4. Plaintiff is correct that there is a "strong presumption against removal jurisdiction," that "the defendant always has the burden of establishing that removal is proper," and that any ambiguity should be resolved in favor of remand. *Hunter v. Philip Morris USA*, 582 F.3d 1039,

1042 (9th Cir. 2009); *see* Dkt. 12, at 3–4. The problem is that Defendants have met their burden, and there is not (at present) ambiguity as to Plaintiff's citizenship. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (defendants were "merely required to allege (not to prove) diversity" at the removal stage). Indeed, if Plaintiff countered with a declaration or other evidence showing he *is* a citizen of California, the matter would be settled and remand would be appropriate. *See, e.g.*, *Roehm v. Ford Motor Co.*, No. 18cv1278 JM(JMA), 2018 WL 4520542 (S.D. Cal. Sept. 21, 2018). Given that he has not, remand is inappropriate at this time.[1] The motion is therefore denied, without prejudice.

**IT IS SO ORDERED**.

Dated: January 20, 2023

_____
RICHARD SEEBORG
Chief United States District Judge

---

[1] Additionally, Plaintiff's focus on Defendants' alleged use of "hearsay" evidence in support of proving Plaintiff's citizenship, *see* Dkt. 12, at 6–7, is misguided. *See, e.g.*, *Canesco v. Ford Motor Co.*, 570 F. Supp. 3d 872, 883 (S.D. Cal. 2021) (suggesting district courts may consider evidence that would be inadmissible at trial when determining diversity of citizenship).