DANIEL AZIZI, ESQ., SBN 268995
daniel@downtownlalaw.com
LILIUOKALANI MARTIN, ESQ. SBN 292778
lili@downtownlalaw.com
MICHAEL JUAREZ-MUNOZ, ESQ. SBN 302170
michael@downtownlalaw.com
**DOWNTOWN LA LAW GROUP, LLP**
601 North Vermont Avenue
Los Angeles, California 90004
Tel: (213) 389-3765
Fax: (877) 389 - 2775

Attorneys for Plaintiff
CESAR MADRIGAL

## UNITED STATES DISTRICT COURT

## NORTHERN DICSTRICT OF CALIFORNIA

| | |
|---|---|
| CESAR MADRIGAL, an individual and on behalf of other members of the general public similarly situated, and on behalf of other aggrieved employees pursuant to the California Private Attorneys General Act; | Case No. 3:22cv-07351-SK |
| Plaintiff, | Hon. Sallie Kim<br>Courtroom C |
| v. | **FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND ENFORCEMENT UNDER THE PRIVATE ATTORNEYS GENERAL ACT:** |

SMG EXTOL, LLC, a California limited liability company doing business as DIRECT LINE and SMG EXTOL; DIRECT LINE GLOBAL, LLC., a California limited liability company; and DOES 1 through 20, inclusive,

Defendants.

1. **FAILURE TO PAY WAGES (CAL. LABOR CODE §§201, 1194);**

2. **FAILURE TO PAY MINIMUM WAGES (CAL. LABOR CODE §§1182.12, 1194, 1194.2, 1197);**

3. **FAILURE TO PAY OVERTIME COMPENSATION (CAL. LABOR CODE §§510, 1194);**

4. **FAILURE TO PROVIDE MEAL AND REST PERIODS (CAL. LABOR CODE §§226.7, 512);**

5. **FAILURE TO PROVIDE ITEMIZED WAGE AND HOUR STATEMENTS (CAL. LABOR CODE §§226, ET SEQ.);**

6. **WAITING TIME PENALTIES (CAL. LABOR CODE §§201-203);**

7. **PRIVATE ATTORNEY GENERAL ACT (CAL. LABOR CODE §2699, ET SEQ) ;**

8. **RETALIATION (LAB. CODE §98.6);**

9. **RETALIATION (LAB. CODE §§1102.5, 1102.6);**

10. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY;**

11. **FAILURE TO PERMIT INSPECTION OF PERSONNEL AND PAYROLL RECORDS (CAL. LABOR CODE §1198.5);**

12. **UNFAIR COMPETITION (BUS. & PROF. CODE §17200 ET SEQ.); AND**

13. **FAILURE TO INDEMNIFY FOR NECESSARY BUSINESS EXPENSES (CAL. LABOR CODE §2802).**

**DEMAND OVER $25,000**

**[DEMAND FOR JURY TRIAL]**

**COMES NOW PLAINTIFF, CESAR MADRIGAL,** and for causes of action against the Defendants and each of them, alleges as follows:

## JURISDICTION AND VENUE

1.     This Court has subject matter and original jurisdiction based on the existence of diversity between the Parties and amount in controversy.  Specifically, this is an action between citizens of different states and the amount of controversy exceeds the sum of $75,000, exclusive of interest and cost.  (*See* 28 U.S.C §§ 1332(c), 1441 (a).

2.     Diversity of citizenship is determined "as of the time the complaint is filed and removal is effected." Strotek Corp. v. Air Transp. Ass'n of America, 300 F.3d 1129, 1131 (9th Cir. 2002) (citations omitted).

3.     A corporation is a citizen of both its state of incorporation and the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1); Hertz Corp. v. Friend, 559 U.S. 77, 92-93. (2010). A corporation's principal place of business is where the corporation's officers direct, control, and coordinate the corporation's activities, i.e., its "nerve center," typically the corporation's corporate headquarters or where actual corporate decision-making takes place. Hertz, supra, 559 U.S. at 80-81.

2

4.      Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendant SMG EXTOL, LLC (hereinafter referred to as "SMG EXTOL") doing business as DIRECT LINE and SMG EXTOL was and is a California limited liability partnership doing business at 3839 Spinnaker Court, Fremont in the County of Alameda, State of California.

5.      Plaintiff, CESAR MADRIGAL, is at the time of filing, a resident of the State of Iowa.

6.      Plaintiff alleges that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and cost.

## DIVISIONAL ASSIGNMENT

7.      Because this lawsuit arose in San Francisco County, it should be assigned to the San Francisco Division of this court.

## THE PARTIES

8.      Plaintiff, CESAR MADRIGAL, is at the time of filing, a resident of the State of Iowa who at all relevant time in this complaint was a resident of the State of California.

9.      Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendant SMG EXTOL, LLC (hereinafter referred to as "SMG EXTOL") doing business as DIRECT LINE and SMG EXTOL was and is a California limited liability partnership doing business at 3839 Spinnaker Court, Fremont in the County of Alameda, State of California.

10.      Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendant DIRECT LINE GLOBAL, LLC. (hereinafter referred to as "DLG") was and is a California limited liability company doing business at 3839 Spinnaker Court, Fremont in the County of Alameda, State of California.

11.      SMG EXTOL and DLG are hereinafter collectively referred to as "Employers."

12.      Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Employers owned and operated a private company specializing in data center build-outs.

13.      At all times relevant herein, Employers and DOES 1-20 were Plaintiff's employers, joint employers and/or special employers within the meaning of Government Code §§12926, subdivision (d), 12940, subdivisions (a),(h),(1), (h)(3)(A), and (i), and 12950, and regularly employ five (5) or more persons and are therefore subject to the jurisdiction of this Court.

14.    At all times relevant herein, Employers and DOES 1-20 were Plaintiff's employers, joint employers and/or special employers within the meaning of the Labor Code and Industrial Welfare Commission Order No. 4-2001, and are each an "employer or other person acting on behalf of an employer" as such term is used in Labor Code section 558, and liable to Plaintiff on that basis.

15.    The true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants named herein as DOES 1-20, inclusive, are unknown to Plaintiff at this time and therefore said Defendants are sued by such fictitious names. Plaintiff will seek leave to amend this complaint to insert the true names and capacities of said Defendants when the same become known to Plaintiff. Plaintiff is informed and believes, and based thereupon alleges, that each of the fictitiously named Defendants is responsible for the wrongful acts alleged herein, and is therefore liable to Plaintiff as alleged hereinafter.

16.    Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors, coconspirators, parent corporation, joint employers, alter egos, successors, and/or joint ventures of the other Defendants, and each of them, and in doing the things alleged herein, were acting at least in part within the course and scope of said agency, employment, conspiracy, joint employer, alter ego status, successor status and/or joint venture and with the permission and consent of each of the other Defendants.

17.    Plaintiff is informed and believes, and based thereupon alleges, that Defendants, and each of them, including those defendants named as DOES 1-20, acted in concert with one another to commit the wrongful acts alleged herein, and aided, abetted, incited, compelled and/or coerced one another in the wrongful acts alleged herein, and/or attempted to do so, including pursuant to Government Code §12940(i). Plaintiff is further informed and believes, and based thereupon alleges, that Defendants, and each of them, including those defendants named as DOES 1-20, and each of them, formed and executed a conspiracy or common plan pursuant to which they would commit the unlawful acts alleged herein, with all such acts alleged herein done as part of and pursuant to said conspiracy, intended to cause and actually causing Plaintiff harm.

18.     Whenever and wherever reference is made in this complaint to any act or failure to act by a Defendant or co-Defendant, such allegations and references shall also be deemed to mean the acts and/or failures to act by each Defendant acting individually, jointly and severally.

## ALTER EGO, AGENCY, SUCCESSOR AND JOINT EMPLOYER

19.     Plaintiff is informed and believes, and based thereon alleges, that there exists such a unity of interest and ownership between Employers and DOES 1-20 that the individuality and separateness of defendants have ceased to exist.

20.     Plaintiff is informed and believes, and based thereon alleges, that despite the formation of purported corporate existence, Employers and DOES 1-20 are, in reality, one and the same, including, but not limited to because:

      a.     Employers are completely dominated and controlled by one another and DOES 1-20, who personally committed the frauds and violated the laws as set forth in this complaint, and who have hidden and currently hide behind Defendants to perpetrate frauds, circumvent statutes, or accomplish some other wrongful or inequitable purpose.

      b.     Employers and DOES 1-20 derive actual and significant monetary benefits by and through one another's unlawful conduct, and by using one another as the funding source for their own personal expenditures.

      c.     Employers and DOES 1-20, while really one and the same, were segregated to appear as though separate and distinct for purposes of perpetrating a fraud, circumventing a statute, or accomplishing some other wrongful or inequitable purpose.

      d.     Employers do not comply with all requisite corporate formalities to maintain a legal and separate corporate existence.

      e.     The business affairs of Employers and DOES 1-20 are, and at all times relevant were, so mixed and intermingled that the same cannot reasonably be segregated, and the same are in inextricable confusion. Employers are, and at all times relevant hereto were, used by one another and DOES 1-20 as a mere shell and conduit for the conduct of certain of Defendants' affairs, and are, and were, the alter ego of one another and DOES 1-20. The recognition of the separate existence of

Defendants would not promote justice, in that it would permit Defendants to insulate themselves from liability to Plaintiff for violations of the Government Code and other statutory violations. The corporate existence of Employers and DOES 1-20 should be disregarded in equity and for the ends of justice because such disregard is necessary to avoid fraud and injustice to Plaintiff herein.

21.     Accordingly, Employers constitute the alter ego of one another and DOES 1-20, and the fiction of their separate corporate existence must be disregarded.

22.     As a result of the aforementioned facts, Plaintiff is informed and believes, and based thereon alleges that Employers and DOES 1-20 are Plaintiff's joint employers by virtue of a joint enterprise, and that Plaintiff was an employee of Employers and DOES 1-20. Plaintiff performed services for each and every one of Defendants, and to the mutual benefit of all Defendants, and all Defendants shared control of Plaintiff as an employee, either directly or indirectly, and the manner in which Defendants' business was and is conducted.

23.     Alternatively, Plaintiff is informed and believes and, based thereupon alleges, that as and between DOES 1-20, Employers, or any of them, (1) there is an express or implied agreement of assumption pursuant to which Employers and/or DOES 1-20 agreed to be liable for the debts of the other Defendants, (2) the transaction between Employers and/or DOES 1-20 and the other Defendants amounts to a consolidation or merger of the two corporations, (3) Employers and/or DOES 1-20 are a mere continuation of the other Defendants, or (4) the transfer of assets to Employers and/or DOES 1-20 is for the fraudulent purpose of escaping liability for Defendants' debts. Accordingly, Employers and/or DOES 1-20 are the successors of one or more of the other Defendants, and are liable on that basis.

## GENERAL FACTUAL ALLEGATIONS

24.     On or around October 26, 2020, Employers hired Plaintiff to work as a Senior Technician. Plaintiff was a full-time employee and performed all of Plaintiff's job duties satisfactorily before Plaintiff was wrongfully terminated on or around November 24, 2021.

25.     Plaintiff and other class members were hourly, non-exempt employee.

26.     Between October 26, 2020 and November 24, 2021, Plaintiff's hourly wage rate was $34.55. During this time period, Plaintiff's fixed schedule was around four days per week, Sunday to Wednesday, for approximately 10 hours per day.

27.     Throughout his employment with Employers, Plaintiff was not paid for all hours worked and/or suffered with Employers including Plaintiff's egress and ingress through security. Each time Plaintiff entered and exited his worksite, he was required to go through a security checkpoint, which took at least ten minutes to process through each time. Employers required Plaintiff to clock out, walk a lengthy distance (at least five minutes) to the checkpoint and then process through the checkpoint and vice versa whenever Plaintiff arrived at work. As a result, Plaintiff was not compensated for the time he spent going through the lengthy security process each day which was approximately 100 minutes (or 1 hour and 35 minutes) each day. Moreover, Plaintiff's meal and rest breaks were also cut short and/or interrupted as a result of the security process.

28.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to reimbursement for necessary business-related expenses in accordance with California law, but knowingly failed to do so.

29.     During the relevant time period, Defendants failed to reimburse Plaintiff and the other class members for all necessary business-related expenses and costs.

30.     Plaintiff's supervisor, Alejandro Marquez, bullied Plaintiff throughout Plaintiff's employment. Marquez cursed at Plaintiff, called Plaintiff names like 'fucking stupid', sent Plaintiff home early without cause, yelled out Plaintiff, and insulted Plaintiff, saying things like 'You don't know anything.' (or words to that effect).

31.     Marquez assigned Plaintiff to the hardest jobs and set  unrealistic expectations so Plaintiff would fail and/or be unable to take meal and rest breaks.

32.     Plaintiff complained about Marquez to his superiors. Plaintiff also complained that his workload made taking meal and rest breaks impossible; however, Employers dismissed Plaintiff's complaints.

33.     Plaintiff reported Marquez to Mike King, Employers' Superintindent, because Marquez drove without a license. Plaintiff is informed and believes Marquez's license was suspended. Plaintiff

also suspected Marquez of coming to work intoxicated. Employers failed to address Plaintiff's concerns and Plaintiff was retaliated against as a result of his report, including increased harassment and cruelty from Marquez.

34.     On or around November 7, 2021, Plaintiff and several other employees had to work through a deadline, which required them to work thirteen hours *sans* breaks. Plaintiff was only paid for ten hours. Plaintiff notified Marquez that Plaintiff was not paid for all hours worked.  In retaliation, Marquez barred Plaintiff from attending handoff meetings, which decreased Plaintiff's weekly hours worked and was in effect, a demotion as senior employees attended these meetings. Plaintiff hours were decreased by six hours per week.

35.     Throughout Plaintiff's employment, Plaintiff was not permitted to, and not advised of Plaintiff's right to take statutory 10-minute rest breaks for every four hours worked or substantial portion thereof. One or more of Plaintiff's 10-minute rest breaks were not provided, if not interrupted, approximately 4 times per week.

36.     Throughout Plaintiff's employment, Plaintiff did not receive uninterrupted statutory 30-minute meal periods for days on which Plaintiff worked at least 5 hours, which was each day Plaintiff worked. Throughout Plaintiff's employment, Plaintiff did not receive a second uninterrupted statutory 30-minute meal period for days on which Plaintiff worked at least 10 hours, which was 4 days each week. One or more of Plaintiff's 30-minute meal periods were not provided, if not interrupted, approximately 8 times per week.

37.     In or around November 2021, Plaintiff reported Marquez for harassment to human resources.

38.     Thereafter, Plaintiff was removed from his position.

39.     Plaintiff contacted Employers to return to work but Employer failed and refused to return Plaintiff to work.

40.     Thereafter Defendants wrongfully terminated Plaintiff's employment on November 24, 2021.

41.     Plaintiff's termination was substantially motivated by Plaintiff's engagement in protected activities. Defendants' discriminatory animus is evidenced by the previously mentioned facts.

42.     Defendants' conduct described herein was undertaken, authorized, and/or ratified Defendants' officers, directors and/or managing agents, and those identified herein as DOES 1 through 20, who were authorized and empowered to make decisions that reflect and/or create policy for Defendants. The aforementioned conduct of said managing agents and individuals was therefore undertaken on behalf of Defendants who further had advanced knowledge of the actions and conduct of said individuals whose actions and conduct were ratified, authorized, and approved by managing agents whose precise identities are unknown to Plaintiff at this time and are therefore identified and designated herein as DOES 1 through 20, inclusive.

43.     As a result of Defendants' actions, Plaintiff has suffered and will continue to suffer general and special damages, including severe and profound pain and emotional distress, anxiety, depression, headaches, tension, and other physical ailments, as well as medical expenses, expenses for psychological counseling and treatment, and past and future lost wages and benefits.

44.     As a result of the above, Plaintiff is entitled to past and future lost wages, bonuses, commissions, benefits and loss or diminution of earning capacity.

45.     Plaintiff claims general damages for emotional and mental distress and aggravation in a sum in excess of the jurisdictional minimum of this Court.

46.     Because the acts taken toward Plaintiff were carried out by officers, directors and/or managing agents acting in a deliberate, cold, callous, cruel and intentional manner, in conscious disregard of Plaintiff's rights and in order to injure and damage Plaintiff, Plaintiff requests that punitive damages be levied against Defendants and each of them, in sums in excess of the jurisdictional minimum of this Court.

**CLASS ACTION ALLEGATIONS**

47.     Plaintiff brings this action on hir own behalf and on behalf of all other members of the general public similarly situated, and, thus, seeks class certification under California Code of Civil Procedure section 382.

48.     The proposed class is defined as follows:

All current and former hourly-paid and/or non-exempt employees who worked for any of the Defendants within the State of California at any time during the period

FIRST AMENDED COMPLAINT FOR DAMAGES

from August 3, 2018, to final judgment.

49.     Plaintiff reserves the right to establish subclasses as appropriate.

50.     This action is certifiable as a class action because the class is ascertainable, as explained above, and there Is a well-defined community of interest in the litigation.

    a.     <u>Numerosity</u>: The class members are so numerous that joinder of all class members is impracticable. The exact membership of the class is unknown to Plaintiff at this time; however, the class is estimated to be at least fifty (50) individuals and they are readily ascertainable through Defendants' employment records.

    b.     <u>Typicality</u>: Plaintiff's claims are typical of the class's claims because they stem from Defendants' uniform policies, practices, and procedures which apply to all class members as explained herein. Plaintiff has a well-defined community of interest with the class and will fairly and adequately protect their interests.

    c.     <u>Adequacy</u>: Plaintiff will fairly and adequately protect the class's interests because Plaintiff has no interests in opposition to the other class members. Plaintiff's attorneys are experienced in employment law and are educated in the rules governing class action litigation.

    d.     <u>Superiority</u>: A class action is superior to other methods for the fair and efficient resolution of this litigation because due to the number of individuals in the class, the individual joinder of all class members is impractical.

    e.     <u>Public Policy Considerations</u>: Certification of this lawsuit as a class action will advance public policy objectives. Employers in California regularly violate employment and labor laws without repercussion. Employees often fail to assert their rights out of fear of direct or indirect retaliation and due to feeling that individually, they lack power and strength. However, class actions provide the class members who are not named in the complaint anonymity that allows for the vindication of their rights and allow individuals to join together to pursue their rights.

51.     There are common questions of law and fact as to the class members that predominate

over questions affecting only individual members. The following common questions of law or fact, among others, exist as to each class member:

    a.    Whether Defendants required Plaintiff and the other class members to work over eight (8) hours perday and/or over forty (40) hours perweek and failed to properly pay the legally required overtime compensation to Plaintiff and the other class members in violation of California Labor Code;

    b.    Whether Defendants failed to pay minimum wages to Plaintiff and the other class members for all hours worked in violation of California Labor Code;

    c.    Whether Defendants deprived Plaintiff and the other class members of compliant meal and/or rest periods or required Plaintiff and the other class members to endure non-compliant (1.e., short, late, interrupted, and/or missed altogether) meal and/or rest periods without compensation in violation of California Labor Code;

    d.    Whether Defendants failed to timely pay all wages due to Plaintiff and the other class members during their employment in violation of California Labor Code;

    e.    Whether Defendants failed to timely pay all wages due to Plaintiff and the other class members upon their discharge orresignation in violation of California Labor Code;

    f.    Whether Defendants provided compliant wage statements to class members as required by the California Labor Code;

    g.    Whether Defendants kept complete and accurate payroll records as required by the California Labor Code;

    h.    Whether Defendants failed to reimburse Plaintiff and the other class members for necessary business-related expenses and cost as required by the California Labor Code;

    i.    Whether Defendants' conduct was willful and/or reckless;

    j.    Whether Defendants engaged in unfair business practices in violation of California

    k.    Business & Professions Code section 17200, et seq.;

    l.    The appropriate amount of damages, restitution, and/or monetary penalties resulting from Defendants' violation of California law; and

m.      Whether Plaintiff and the other class members are entitled to compensatory damages pursuant to the California Labor Code.

## **PAGA ALLEGATIONS**

52.     At all relevant times herein set forth, PAGA was applicable to Plaintiff's employment by Defendants.

53.     At all relevant times herein set forth, PAGA provides that any provision of law under the California Labor Code that provides for a civil penalty, to be assessed and collected by the LWDA for violations of the California Labor Code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of herself and other current or former employees pursuant to procedures outlined in California Labor Code section 2699.3.

54.     Pursuant to PAGA, a civil action under PAGA may be brought by an "aggrieved employee," who is any person that was employed by the alleged violator and against whom one or more of the alleged violations was committed.

55.     Plaintiff was employed by Defendants and the alleged violations were committed against him during his employment with Defendants and he is, therefore, an aggrieved employee.

56.     Plaintiff and the other employees are "aggrieved employees" as defined by California Labor Code section 2699(c) in that they are current or former employees of Defendants, and one or more of the alleged violations were committed against them.

57.     Pursuant to California Labor Code sections 2699.3 and 2699.5, an aggrieved employee, including Plaintiff, may pursue a civil action arising under PAGA after the following requirements have been met:

58.     The aggrieved employee shall give written notice by certified mail (hereinafter "Employee's Notice') to the LWDA and the employer of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.

59.     The LWDA shall provide notice (hereinafter "LWDA Notice') to the employer and the aggrieved employer by certified mail that it does not intend to investigate the alleged violation within sixty (60) calendar days of the postmark date of the Employee's Notice. Upon receipt of the LWDA

Notice, or if the LWDA Notice is not provided within sixty-five (65) calendar days of the postmark date of the Employee's Notice, the aggrieved employee may commence a civil action pursuant to California Labor Code section 2699 to recover civil penalties in addition to any other penalties to which the employee may be entitled.

60.     On February 8, 2022, Plaintiff provided written notice by online submission to the LWDA and by certified mail to Defendants thereafter of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations. Therefore, the administrative prerequisites under California Labor Code section 2699.3(a) to recover civil penalties, in addition to other remedies, for violations of California Labor Code sections 201, 202, 203, 204, 218, 226(a), 226.3, 226.7, 510, 512(a), 1174(d), 1194, 1194.2, 1197, 1197.1, 1198, 2800 and/or 2802 have been satisfied.

## FIRST CAUSE OF ACTION
## FOR FAILURE TO PAY WAGES DUE
## LABOR CODE §§201, 1182.12, 1194, 1194.2
## AGAINST ALL DEFENDANTS

61.     Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

62.     At all relevant times, Defendants failed and refused to pay Plaintiff and other class members wages earned and required by 8 Code of Regulations §11040, as set forth hereinabove.  As alleged herein, Defendants routinely failed to pay Plaintiff and other class members for hours worked in excess of of the normal work period.

63.     As alleged herein, Plaintiff was not exempt from the requirements of Labor Code §510, 8 Code of Regulations §11040, and Industrial Welfare Commission Order No. 4-2001.

64.     Plaintiff and other class members have been deprived of their rightfully earned compensation as a direct and proximate result of Defendants' failure and refusal to pay said compensation.  Plaintiff and other class members are entitled to recover such amounts, plus interest thereon, attorneys' fees and costs.

65. Labor Code §558(a) provides that any person acting on behalf of an employer who violates, or causes to be violated, any statute or provision regulating hours and days of work in any order of the Industrial Welfare Commission pay a civil penalty in the amount of $50.00 for each underpaid employee for each pay period in which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. Also, Labor Code §558(a) for each subsequent violation, the person acting on behalf of an employer is liable in the amount of $100.00 for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover the underpaid wages.

66. In addition to the unpaid wages, Plaintiff is entitled to civil penalties in this amount stated above based upon Defendants' underpayment of minimum and overtime wages. Within the one year immediately preceding the filing of this Complaint, Defendants, and each of them, violated Labor Code §558 on 8 pay periods, the first of which Defendants are penalized $50.00, and the remainder of which Defendants are penalized $100.00 each, for a total due in Labor Code §558 penalties of $750.00.

## SECOND CAUSE OF ACTION
## FOR FAILURE TO PAY MINIMUM WAGES
## LABOR CODE §§1182.12, 1194, 1194.2, 1197
## AGAINST ALL DEFENDANTS

67. Plaintiff and other class members re-allege and incorporate by reference each of the foregoing paragraphs as though set forth in full herein.

68. Pursuant to Labor Code §1197, payment of less than the minimum wage fixed by law is unlawful. An employer violates the minimum wage statute even if the average rate for paid and unpaid hours exceeded the minimum wage. Under California law, Plaintiff and other class members are entitled to at least the minimum wage for every hour worked.

69. In the periods immediately preceding the filing of this complaint, Employers failed and refused to pay Plaintiff and other class members the legal minimum wage in the State of California, as set forth in Labor Code §1182.12.

70.     Defendants' failure to pay the legal minimum wage to Plaintiff and other class members as alleged herein is unlawful and creates entitlement, pursuant to Labor Code §1197, to recovery by Plaintiff and other class members in a civil action for the unpaid balance of the full amount of the unpaid wages owed, calculated as the difference between the straight time compensation paid and applicable minimum wage, including interest thereon.

71.     Pursuant to Labor Code §1194, Plaintiff and other class members requests that the court award reasonable attorneys' fees and costs incurred by Plaintiff and other class members in this action.

72.     In addition, pursuant to Labor Code §1194.2, Plaintiff and other class members are entitled to recover liquidated damages in an amount equal to the minimum wages unlawfully unpaid.

### THIRD CAUSE OF ACTION

### FOR FAILURE TO PAY OVERTIME COMPENSATION

### LABOR CODE §§510, 1194

### AGAINST ALL DEFENDANTS

73.     Plaintiff and other class members re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

74.     Labor Code §510 requires employers to pay their non-exempt employees one and one-half times their regular hourly rate (overtime) for time worked in excess of eight hours in a single day, or 40 hours per week, and double their regular hourly rate (double-time) for all hours worked in excess of 12 hours in a single day. It also requires employers to pay their non-exempt employees overtime compensation for the first eight hours of work done on the seventh consecutive day of work done in any work week, and double-time compensation for any work done beyond the first eight hours on the seventh consecutive day of work.

75.     At all relevant times, Defendants required Plaintiff and other class members to work more than eight hours per day and/or more than 40 hours per workweek.

76.     At all relevant times, Defendants failed and refused to pay Plaintiff and other class members all the overtime compensation required by Labor Code §510, 8 Code of Regulations §11040, and Industrial Welfare Commission Order No. 4-2001.

77.     As alleged herein, Plaintiff and other class members are not exempt from the overtime pay requirements of Labor Code §510, 8 Code Regulations §11040, and Industrial Welfare Commission Order No. 4-2001.

78.     Thus, for the entirety of the time periods set forth above, Plaintiff and other class members are owed overtime wages.

79.     Plaintiff and other class members have been deprived of thir rightfully earned overtime compensation as a direct and proximate result of Defendants' failure and refusal to pay said compensation. Plaintiff and other class members are entitled to recover such amounts, plus interest thereon, attorneys' fees, and costs.

## FOURTH CAUSE OF ACTION

## FOR FAILURE TO PROVIDE MEAL AND REST BREAKS

## LABOR CODE §§226.7, 512

## AGAINST ALL DEFENDANTS

80.     Plaintiff and other class members re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

81.     Labor Code §512 requires employers to provide every employee with an uninterrupted meal period of not less than 30 consecutive minutes, for every period of work exceeding five hours.

82.     Labor Code §226.7 requires an employer to provide every employee with an uninterrupted rest period of not less than 10 minutes, for every period worked of four hours, or substantial portion thereof.

83.     Plaintiff and other class members regularly worked in excess of 8 hours per day, and was thereby entitled to take one uninterrupted 30-minute meal period and two 10-minute rest periods on each day of work.

84.     Defendants failed and refused to provide Plaintiff and other class members with meal and rest periods, and failed to compensate Plaintiff and other class members for missed meal and rest periods, as required by Labor Code §§226.7 and the applicable sections of 8 Code of Regulations §11040 and Industrial Welfare Commission Order No. 4-2001.

85.     As alleged herein, Plaintiff is not exempt from the meal and rest break requirements of 8 Code of Regulations §11040 and Industrial Welfare Commission Order No. 4-2001. Consequently, Plaintiff and other class members are owed one hour of pay at Plaintiff's then regular hourly rate, or the requisite minimum wage, whichever is greater, for each day that Plaintiff and other class members were denied such meal periods, and is owed one hour of pay at the employees' regular hourly rate, or the requisite minimum wage, whichever is greater, for each day that Plaintiff and other class members were denied such rest periods.

86.     Plaintiff and other class members have been deprived of their rightfully earned compensation for meal and rest breaks as a direct and proximate result of Defendants' failure and refusal to pay said compensation.

87.     Thus, for the entirety of the time periods set forth in this complaint, Plaintiff and other class members are entitled to recovery, pursuant to Labor Code §226.7(b), plus interest thereon and costs of suit.

## FIFTH CAUSE OF ACTION

### FOR FAILURE TO PROVIDE ITEMIZED WAGE AND HOUR STATEMENTS

### LABOR CODE §§226 ET SEQ.

### AGAINST ALL DEFENDANTS

88.     Plaintiff and other class members re-allege and incorporate by reference each of the foregoing paragraphs as though set forth in full herein.

89.     Pursuant to Labor Code §§226 and 1174, employers have a duty to provide their non-exempt employees with itemized statements showing total hours worked, hourly wages, gross wages, total deductions and net wages earned.  An employer who violates these code sections is liable to its employees for the greater of actual damages suffered by the employee, or $50.00 in civil penalties for the initial pay period in which a violation occurred, and $100.00 per employee for each subsequent pay period, up to a statutory maximum of $4,000.00. Pursuant to Labor Code §226(e)(2), an employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide a wage statement at all.

90.     In addition thereto, pursuant to Labor Code §226.3, an employer who willfully violates Labor Code §226 is subject to a $250.00 civil penalty for the initial pay period in which a violation occurred, and $1,000.00 per employee for each subsequent pay period, with no maximum.

91.     At all relevant times, Defendants failed to provide the Plaintiff and other class members with timely and accurate wage and hour statements showing gross wages earned, total hours worked, all deductions made, net wages earned, the name and address of the legal entity employing employees, and all applicable hours and rates in effect during each pay period and the corresponding number of hours worked at each hourly rate by Plaintiff and other class members. Not one of the paystubs that Plaintiff and other class members received complied with Labor Code §226, and contained almost none of the required information, including hours actually worked.

92.     As alleged herein, Plaintiff and other class members are not exempt from the requirements of Labor Code §226.

93.     This failure has injured Plaintiff and other class members, by misrepresenting and depriving them of hour, wage, and earnings information to which they are entitled, causing them difficulty and expense in attempting to reconstruct time and pay records, causing Plaintiff and other class members not to be paid wages they are entitled to, causing them to be unable to rely on earnings statements in dealings with third parties, eviscerating their right under Labor Code §226(b) to review itemized wage statement information by inspecting the employer's underlying records, and deceiving Plaintiff and other class members regarding their entitlement to overtime, meal period, and rest period wages.  For the time periods that Plaintiff and other class members were not provided with paystubs at all, Plaintiff and other class members' aforementioned injuries are presumed as a matter of law.

94.     Defendants are liable to Plaintiff and other class members for actual damages, or penalties in the statutory maximum amount of $4,000.00 per employee, whichever is greater.

95.     In addition thereto, for Defendant's 8 violations, Defendants are penalized $250.00 for the first violation, and the remainder of which Defendants are penalized $1,000.00 each, under Labor Code §226.3.

96.     Based on Defendants' conduct as alleged herein, Defendants are liable for damages and statutory penalties pursuant to Labor Code §226, civil penalties pursuant to Labor Code §226.3, and other applicable provisions, as well as attorneys' fees and costs.

**SIXTH CAUSE OF ACTION**

**FOR WAITING TIME PENALTIES**

**LABOR CODE §§201-203**

**AGAINST ALL DEFENDANTS**

97.     Plaintiff and other class members re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

98.     At all relevant times, Defendants failed to pay all of the Plaintiff and other class members' accrued wages and other compensation due immediately upon termination or within 72 hours of resignation, as required.  These wages refer to, at a minimum, unpaid minimum wages, overtime compensation, and meal and rest period compensation that Defendants should have paid, but did not pay to Plaintiff and other class members during the term of Plaintiff's employment and which were, at the latest, due within the time restraints of Labor Code §§201-203.

99.     As alleged herein, Plaintiff and other class members are not exempt from the requirements of Labor Code §§201-203.

100.     As a direct and proximate result of Defendants' willful failure to pay these wages, Plaintiff and other class members are entitled to payment of overtime, meal and rest periods as previously pleaded herein, in waiting time penalties, calculated based on 30 days of Plaintiff and other class members' daily wage rate.

101.     Based on Defendants' conduct as alleged herein, Defendants are liable for statutory penalties pursuant to Labor Code §203 and other applicable provisions, as well as attorneys' fees and costs.

### SEVENTH CAUSE OF ACTION
### FOR PRIVATE ATTORNEY GENERAL ACT
### LABOR CODE §2699
### AGAINST ALL DEFENDANTS

102. Plaintiff and other hourly-paid or non-exempt employees re-allege and incorporate by reference each of the foregoing paragraphs as though set forth in full herein.

103. Under Labor Code §2699, Plaintiff and other hourly-paid or non-exempt employees, were aggrieved employees, and Plainitff may bring an action against Defendants, on behalf of himself and other current or former employees, seeking statutory civil penalties for Defendants' violations of the California Labor Code.

104. Plaintiff and and other hourly-paid or non-exempt employees were aggrieved employee within the meaning of Labor Code §§2699(c) and 2699.3(a), as Defendants have committed multiple California Labor Code violations against Plaintiff and and other hourly-paid or non-exempt employees, as previously pleaded in this Complaint.

105. On February 8, 2022, more than 63 calendar days before filing this Complaint, Plaintiff provided written notice by certified mail to the Labor and Workforce Development Agency and to Defendants of the specific provisions of the California Labor Code that Defendants violated, thereby satisfying the requirements of Labor Code §2699.3(a). These violations included Labor Code §§ 201, 202, 203, 226, 226.7, 226.8, 510, 512, 1174, 1182.12, 1194, 1194.2, 1197, and 2802, each of which is enumerated among the serious violations set forth in Labor Code §2699.5.

106. As of the filing of this Complaint, Plaintiff has not received any response from the Labor and Workforce Development Agency on its intent to pursue an action against Defendants. Consequently, Plaintiff may now commence a civil action, pursuant to Labor Code §2699.3.

107. As a direct and proximate result of Defendants' California Labor Code violations as set forth in this Complaint, Plaintiff is entitled to civil penalties of $100 for each aggrieved employee per pay period for the initial violation, and $200 for each aggrieved employee per pay period for each subsequent violation, pursuant to Labor Code §2699(f), for those Labor Code sections not expressly

providing for a penalty, and civil penalties provided by the specific Labor Code sections that do expressly provide for a penalty, §§226.3, 226.7, 510, 512, and 558.

108.     These penalties recoverable for Plaintiff alone totals approximately $11,300.00. Plaintiff may also seek these same penalties on behalf of all other aggrieved employees.

109.     Plaintiff is also entitled to reasonable attorney's fees and costs, and 25% of the recovered civil penalties, pursuant to Labor Code §§2699(g)(1)-(i).

## EIGHTH CAUSE OF ACTION
## RETALIATION
## LABOR CODE §98.6
## AGAINST ALL DEFENDANTS

110.     Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

111.     Labor Code §98.6(a) prohibits an employer from discharging or discriminating against an employee for political activities; for complaining that he or she is owed unpaid wages, for whistleblowing; for assigning wage claims to the Labor Commissioner resulting from demotion, suspension, or discharge for lawful conduct occurring during nonworking hours away from employer's premises; for filing a complaint with the Labor Commissioner or testifying in such proceedings; for initiating proceedings against the employer to collect civil penalties under the "Labor Code Private Attorneys General Act;" and for exercising "any rights afforded him or her" under the Labor Code. Thus, Section 98.6 prohibits an employer from discharging or in any manner discriminating or retaliating against an employee who, among other things, has exercised her or her rights under that Chapter, including the right to take meal breaks, and/or made a written or oral complaint that he or she is owed unpaid wages.  An employee who has been discharged or retaliated against in violation of Labor Code §98.6 is entitled to recovery of a civil penalty against the employer in an amount not exceeding ten thousand dollars ($10,000.00) for each violation of that section.

112.     Plaintiff is informed and believe, and based thereupon allege, that Plaintiff was terminated from Plaintiff's employment with Defendants as a result of Plaintiff's complaints about not being paid

all wages due, not receiving meal and/or rest breaks, exercising Plaintiff's right to take meal and/or rest breaks. Defendants' retaliatory animus is evidenced by, among other things, the immediate reduction by Plaintiff's work hours after he complained of the uncredited work hours, Plaintiff being told not to attend hand-off meetings subsequent to making such complaint, and his subsequent termination of employment.

113. Defendants' conduct described herein was undertaken, authorized, and/or ratified by Defendants, and Defendants' officers and/or managing agents, including those identified herein as DOES 1-20, who were authorized and empowered to make decisions that reflect and/or create policy for Defendants. The aforementioned conduct of said managing agents and individuals was therefore undertaken on behalf of Defendants. Defendants further had advanced knowledge of the actions and conduct of said individuals whose actions and conduct were ratified, authorized, and approved by managing agents whose precise identities are unknown to Plaintiff at this time and are therefore identified and designated herein as DOES 1-20, inclusive.

114. The damage allegations in this complaint, are herein incorporated by reference.

115. As a result of Defendants' actions, Plaintiff is entitled to a civil penalty not to exceed $10,000.00 for Defendants' violations of Labor Code § 98.6.

116. Because the acts taken toward Plaintiff were carried out by managerial employees acting in a deliberate, cold, callous, cruel and intentional manner, in conscious disregard of Plaintiff's rights and in order to injure and damage Plaintiff, Plaintiff requests that punitive damages be levied against Defendants and each of them, in sums in excess of the jurisdictional minimum of this court.

## NINTH CAUSE OF ACTION

## FOR RETALIATION

## IN VIOLATION OF LABOR CODE §§ 1102.5 AND 1102.6

## AGAINST ALL DEFENDANTS

117. Plaintiff re-alleges and incorporates by reference all Paragraphs, inclusive, as though set forth in full herein.

118. At all relevant times, Labor Code §1102.5(a) was in full force and effect, and was binding on Defendants. This law prohibits an employer, or any person acting on behalf of the employer, from

discharging an employee or in any manner discriminating or retaliating against, or taking any adverse action against, an employee because, among other things, the employee disclosed information to a government or law enforcement agency, or to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance, if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties. Pursuant to Labor Code §1102.5(f), in addition to other penalties, an employer that is a corporation or limited liability company is liable for a civil penalty not exceeding ten thousand dollars ($10,000) for each violation of this section.

119. Plaintiff reported suspected violations of the Labor Code, Marquez driving with a suspended license, and Marquez reporting to work intoxicated to Plaintiff's supervisors.

120. Defendants subjected Plaintiff to the adverse employment action, including without limitation, demotion, decrease hours, and termination because Plaintiff reported the suspected violations to Plaintiff's supervisors.

121. Plaintiff's reports of these violations were a motivating and contributing factor for the adverse employment actions by Defendants against Plaintiff.

122. Said conduct violates Labor Code Labor Code §1102.5 and Labor Code §1102.6, and such violations were a proximate cause in Plaintiff's damages as hereinabove stated.

123. The damage allegations are herein incorporated by reference.

124. As a result of Defendants' actions, Plaintiff is entitled to a civil penalty not to exceed $10,000.00 for Defendants' violations of Labor Code § 1102.5.

125. The foregoing conduct of Defendants individually, or by and through their managing agents, was intended by Defendants to cause injury to Plaintiff, or was despicable conduct carried on by Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

**TENTH CAUSE OF ACTION**

**FOR WRONGFUL TERMINATION**

**IN VIOLATION THE PUBLIC POLICY OF THE STATE OF CALIFORNIA**

**AGAINST ALL DEFENDANTS**

126.    Plaintiff re-alleges and incorporates by reference all Paragraphs, inclusive, as though set forth in full herein.

127.    At all relevant times mentioned in this complaint, the FEHA was in full force and effect and was binding on Defendants. This law requires Defendants to refrain, among other things, from discriminating against any employee on the basis of retaliating against any employee who engages in protected activity.

128.    At all times mentioned in this complaint, it was a fundamental policy of the State of California that Defendants cannot discriminate and/or retaliate against any employee on the basis of engagement in protected activity.

129.    Plaintiff believes and thereon alleges that Plaintiff's engagement in protected activity with respect to these protected classes, and/or some combination thereof, were factors in Defendants' conduct as alleged hereinabove.

130.    Such discrimination and retaliation, resulting in the wrongful termination of Plaintiff's employment on the basis of Plaintiff's engagement in protected activity, and/or some combination of these factors, were a proximate cause in Plaintiff's damages as stated below.

131.    The above said acts of Defendants constitute violations of the Government Code and the public policy of the State of California embodied therein as set forth above. Defendants violated these laws by discriminating and retaliating against Plaintiff and terminating Plaintiff's employment in retaliation for exercise of protected rights.

132.    At all relevant times mentioned in this complaint, Labor Code §98.6 was in full force and effect and was binding upon Defendants and each of them. This law prohibits retaliation against employees who complain about unpaid wages and/or attempt to exercise the rights under the Labor Code. Labor Code §98.6 reflects the State's broad public policy interest in protecting the rights of individual

1   employees and job applicants who could not otherwise afford to protect themselves from violations of

2   the Labor Code.

3       133.   At all relevant times mentioned in this complaint, Labor Code §1102.5 was in full force

4   and effect and was binding upon Defendants and each of them. This law prohibits retaliation against

5   employees who disclose reasonable suspicions of illegal activity or conduct by their employer to a

6   government or law enforcement agency, or to employer itself. Labor Code §1102.5 reflects the State's

7   broad public policy interest in encouraging workplace "whistleblowers," who may without fear of

8   retaliation report concerns regarding an employer's suspected illegal conduct, irrespective of whether the

9   reporting is made to governmental agencies or to the employer itself, and irrespective of whether the

10  employee's suspicions are correct that the challenged conduct actually violates some law. Indeed, the law

11  in California is that an employee's good faith but mistaken belief in the illegality of his co-workers',

12  supervisor's, and employer's conduct is protected from employer retaliation in the whistle-blowing

13  context.

14      134.   Plaintiff is informed and believes, and based thereupon alleges, that Plaintiff's

15  engagement in protected activities under Labor Code §§ 98.6 and/or 1102.5 was a proximate cause in

16  Plaintiff's damages as stated below.

17      135.   The damage allegations inthis complaint are herein incorporated by reference.

18      136.   The foregoing conduct of Defendants individually, or by and through their officers,

19  directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was

20  despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of

21  Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such

22  as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive

23  damages in an amount appropriate to punish or make an example of Defendants.

24

25

26

27

28

**ELEVENTH CAUSE OF ACTION**

**FAILURE TO PERMIT INSPECTION OF PERSONNEL AND PAYROLL RECORDS**

**LABOR CODE §1198.5**

**AGAINST ALL DEFENDANTS**

137.    Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

138.    Labor Code §1198.5 requires an employer, within thirty (30) days of a written request thereof, to inspect or receive a copy of an employee's personnel and payroll records.  An employer's failure to do so subjects the employer to a $750.00 penalty, payable to the employee.

139.    On February 15, 2022, Plaintiff made a written request to inspect or receive a copy of Plaintiff's personnel and payroll records from Defendants, which Defendants received.

140.    Defendants failed and refused to permit Plaintiff's inspection of Plaintiff's personnel records, and failed to provide a copy of Plaintiff's personnel records to Plaintiff within the time required by Labor Code §1198.5, or ever.

141.    As a result of Defendants' failure and refusal to comply with Labor Code §1198.5, Plaintiff is entitled to recover from Defendants a civil penalty of $750.00.

**TWELFTH CAUSE OF ACTION**

**FOR UNFAIR COMPETITION**

**BUSINESS & PROFESSIONS CODE §§17200, ET SEQ.**

**AGAINST ALL DEFENDANTS**

142.    Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

143.    Defendants' violations of 8 Code of Regulations §11040, Industrial Welfare Commission Order No. 4-2001, Labor Code §§201-203, 226, 226.7, 510, 512, 1182.12, 1194, 1194.2, 1197, 1198.5, 2699, 2802, and other applicable provisions, as alleged herein, including Defendants' failure and refusal to pay minimum wages, overtime wages, Defendants' failure to provide meal and rest breaks, Defendants' failure to provide timely and accurate wage and hour statements, Defendants' failure to pay compensation

due in a timely manner upon termination or resignation, and Defendants' failure to maintain complete and accurate payroll records for the Plaintiff, constitute unfair business practices in violation of Business & Professions Code §§17200, et seq.

144. As a result of Defendants' unfair business practices, Defendants have reaped unfair benefits and illegal profits at the expense of Plaintiff and members of the public. Defendants should be made to disgorge their ill-gotten gains and restore such monies to Plaintiff.

145. Defendants' unfair business practices entitle Plaintiff to seek preliminary and permanent injunctive relief, including but not limited to orders that the Defendants account for, disgorge, and restore to the Plaintiff the overtime compensation and other monies and benefits unlawfully withheld from Plaintiff.

### THIRTEENTH CAUSE OF ACTION
### FOR FAILURE TO INDEMNIFY FOR NECESSARY BUSINESS EXPENSES
### LABOR CODE §2802
### AGAINST ALL DEFENDANTS

146. Plaintiff and the class members re-allege and incorporate by reference each of the foregoing paragraphs as though set forth in full herein.

147. Pursuant to Labor Code §450(a), "no employer…may compel or coerce any employee…to patronize his or her employer, or any other person, in the purchase of any thing of value."

148. Pursuant to Labor Code §2802(a), "an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer."

149. Plaintiff was required by Defendants to expend Plaintiff's personal funds because of the duties required by Defendants, as alleged hereinabove.

150. Pursuant to Labor Code §2802(a), Defendants are legally required to reimburse Plaintiff for all necessary expenditures incurred in the performance of Plaintiff's duties.

151.    Defendants have failed and refused to reimburse Plaintiff for all necessary business expenditures, including, but not limited to, reimbursement of expenses related to the use of Plaintiff's personal phone for business purposes. .

152.    As a proximate result of the aforementioned violations of Labor Code §§450(a) and 2502(a), Plaintiff is entitled to recover from Defendants the unpaid balance of all of the necessary aforementioned expenditures.

153.    As a proximate result of the aforementioned violations of Labor Code §§450(a) and 2502(a), Plaintiff has been damaged in an amount according to proof at the time of trial.

154.    Pursuant to Labor Code §2802(b), Plaintiff requests that the Court award interest at the same rate as judgments in civil actions, accruing from the date on which Plaintiff incurred the necessary expenditure or loss.

155.    Pursuant to Labor Code §2802(c), Plaintiff requests that the Court award Plaintiff reasonable attorneys' fees and costs incurred in this action.


**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff seeks judgment against Defendants and each of them, in an amount according to proof but estimated to be no less than $250,000 as follows:


1.   That this action be certified as a class action;

2.   That Plaintiff be appointed as the representative of the Class;

3.   That counsel for Plaintiff be appointed as Class Counsel;

4.   That Defendants provide to Class Counsel immediately the full names and most current/last known contact information (mailing address, e-mail address, and telephone number) of all class members;

5.   For penalties pursuant to Labor Code §226.8(b)-(c), in the amount of no less than $25,000.00;

6.   For payment of unpaid minimum wage compensation pursuant to Labor Code §§1182.12, 1194, 1194.2, 1197, and Industrial Welfare Commission Order No. 4-2001;

7.    For liquidated damages pursuant to Labor Code §1194.2;

8. For payment of unpaid overtime compensation pursuant to Labor Code §§201, 510, 1194, Industrial Welfare Commission Order No. 4-2001, and 8 Code of Regulations §11040;

9. For statutory penalties or damages pursuant to Labor Code §558 in the amount of no less than $750.00;

10. For payment of meal and rest period compensation pursuant to Labor Code §226.7, 512;

11. For damages pursuant to Labor Code §226 in the amount of no less than $4,000.00;

12. For statutory penalties or damages pursuant to Labor Code §226.3;

13. For waiting time penalties pursuant to Labor Code §§201-203;

14. For reimbursement of necessary business expenses pursuant to Labor Code §2802, plus interest;

15. For a money judgment representing compensatory damages including lost wages, earnings, commissions, retirement benefits, and other employee benefits, and all other sums of money, together with interest on these amounts; for other special damages; and for general damages for mental pain and anguish and emotional distress and loss of earning capacity;

16. For civil penalties pursuant to Labor Code §98.6 in the amount of no less than $10,000.00;

17. For civil penalties pursuant to Labor Code § 1102.5 in the amount of no less than $10,000.00;

18. For statutory penalties pursuant to Labor Code §1198.5 in the amount of no less than $750.00;

19. For statutory penalties pursuant to Labor Code §2699(f) on Plaintiff's own behalf, and similar amounts on behalf of all of Defendants' aggrieved employees;

20. For prejudgment interest on each of the foregoing at the legal rate from the date the obligation became due through the date of judgment in this matter.

**WHEREFORE**, Plaintiff further seeks judgment against Defendants, and each of them, in an amount according to proof, as follows:

21. For punitive damages, pursuant to Civil Code §§3294 in amounts sufficient to punish Defendants for the wrongful conduct alleged herein and to deter such conduct in the future;

22. For injunctive relief compelling Defendants to report to federal and state authorities wages earned by Plaintiff, and other employees, and pay all state and federal taxes owing, employer matching

FIRST AMENDED COMPLAINT FOR DAMAGES

funds, unemployment premiums, social security, Medicare, and workers' compensation premiums, all this in an amount according to the proof;

23.     For restitutionary disgorgement of profits garnered as a result of Defendants' unlawful conduct, misclassification of Plaintiff as an independent contractor, and failure to pay wages and other compensation in accordance with the law;

24.     For costs of suit, attorneys' fees, and expert witness fees pursuant to the FEHA, Labor Code and/or any other basis;

25.     For post-judgment interest; and

26.     For any other relief that is just and proper.

DATED: September 8, 2023          **DOWNTOWN L.A. LAW GROUP**

By: _____

Daniel Azizi Esq,
Liliuokalani Martin, Esq.
Michael Juarez-Munoz, Esq.
Attorneys for Plaintiff
CESAR MADRIGAL

## **JURY TRIAL DEMANDED**

Plaintiff demands trial of all issues by jury.

DATED: September 8, 2023          **DOWNTOWN L.A. LAW GROUP**

By: _____

Daniel Azizi Esq,
Liliuokalani Martin, Esq.
Michael Juarez-Munoz, Esq.
Attorneys for Plaintiff
CESAR MADRIGAL