UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESAR MADRIGAL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SMG EXTOL, LLC, et al.,<br><br>　　　　Defendants. | Case No. 22-cv-07351-RS<br><br>**ORDER DENYING JOINT STIPULATION TO REMAND CASE** |

The parties seek to remand this wage and hour case to the Alameda County Superior Court on the grounds a similar case is pending in that court[1] and remand will "avoid the risk of inconsistent rulings, results, and uncertainty." Dkt. 49, at 3. For the reasons below, the joint stipulation is denied.

This is not the first time a party has sought to remand this case. Plaintiff moved to remand after Defendants initially removed to federal court, but this motion was denied because Defendants had met their burden to establish diversity. Plaintiff then sought preliminary approval of a proposed class action settlement. The motion for preliminary approval was denied on January 3, 2024, based on concerns about, among other things, Plaintiff's valuation of the class claims and the adequacy of the proposed class representative given the size of the proposed individual settlement. Several weeks later, Defendants alerted the Court that, in November 2023, they had been served with a class action complaint filed in Alameda County Superior Court in May 2023

---

[1] That case is captioned *Moctezuma v. Direct Line Global, LLC*.

involving "similar subject matters" as this case. Dkt. 45, at 2. Several months later (in late May 2024) the parties sought remand of this case on the grounds it is related to the state court action.

Diversity jurisdiction is not discretionary. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 356 (1988); *see also Cohens v. Virginia*, 19 U.S. (6 Wheat.) 264, 404 (1821) ("We have no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given."). Thus, there is no basis to decline jurisdiction over state claims where diversity jurisdiction exists. *See Sorosky v. Burroughs Corp.*, 826 F.2d 794, 805 (9th Cir. 1987); *see also Melton v. Univ. Cable Holdings, Inc.*, No. 19-cv-7360, 2020 WL 3605381, at *2 (N.D. Cal. July 2, 2020) (noting "litigants are not entitled to remand in an action properly removed"). The parties do not contend the Court lacks diversity jurisdiction over this case; indeed, it has already been determined removal premised on diversity jurisdiction was proper. Instead, they seek remand on judicial efficiency and public policy grounds. Such grounds do not supply a basis for remand. *See Bratton v. FCA US LLC*, No. 17-cv-1458, 2017 WL 11687946, at *7–8 (N.D. Cal. June 22, 2017) (declining parties' invitation to find remand permitted "for prudential reasons other than the absence of jurisdiction or defects in removal").[2]

## CONCLUSION

The parties' joint stipulation to remand is denied. Within 14 days of the date of this order, the parties are directed to file a joint statement indicating how they plan to proceed with this case.

**IT IS SO ORDERED**.

Dated: June 7, 2024

RICHARD SEEBORG
Chief United States District Judge

---

[2] Of course, nothing precludes Plaintiff from agreeing voluntarily to dismiss this case.

CASE NO. 22-cv-07351-RS
2